MAMIE HARTELL, as Administratrix of the Estate of EDWARD HARTELL, Deceased, Appellant, *v.* T. H. SIMONSON & SON COMPANY, Respondent.

Master and servant — negligence — when servant of one master loaned to another becomes servant of the latter so that he is liable for negligence.

1. A servant in the general employment of one person, who is temporarily loaned to another person to do the latter's work, becomes, for the time being, the servant of the borrower, who is liable for his negligence. But if the general employer enters into a contract to do the work of another, as an independent contractor, his servants do not become the servants of the person with whom he thus contracts, and the latter is not liable for their negligence.

2. The plaintiff's intestate was driving a wagon when it was struck by a large truck with the result that he was thrown to the ground and sustained injuries from which he died. The driver of the truck was in the general employment of a truckman who was the owner of the team of horses attached to the truck. The defendant, as it did occasionally, had hired the team and driver from the truckman to cart lumber. The truck was the property of the defendant and it was loaded with lumber which had been sold by the defendant, and was in the course of delivery to the purchaser when the accident happened. *Held*, that it might fairly be inferred that the truck driver was in the employment of the defend-

ant when the accident happened, and that the complaint should not have been dismissed. (*Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191, distinguished; *Schmedes* v. *Deffaa*, 214 N. Y. 675, followed.)

*Hartell* v. *Simonson & Son Co.*, 164 App. Div. 873, reversed.

(Argued May 12, 1916; decided June 6, 1916.)

Appeal from a judgment, entered July 27, 1914, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Trosk, Henry Fluegelman* and *Morris D. Silverstein* for appellant. The Appellate Division was in error in holding that the driver was, as a matter of law, the servant of Durr. On the contrary, the testimony showing, as it did, that at the time of the accident the driver was not engaged in the general trucking business of Durr, but in the business of making deliveries for the defendant, under whose absolute control and direction he was, the trial court might very properly have ruled that the driver was, as a matter of law, the servant of the defendant. The trial court having, however, submitted to the jury the question as to whose servant the driver was, the defendant is surely in no position to complain. (*Muldoon* v. *City Fireproofing Co.*, 134 App. Div. 453; *Howard* v. *Ludwig*, 171 N. Y. 507; *Baldwin* v. *Abraham*, 57 App. Div. 67; 171 N. Y. 677; *Cowell* v. *Saperston*, 149 App. Div. 373; 208 N. Y. 619; *Wyllie* v. *Palmer*, 137 N. Y. 248; *Higgins* v. *W. U. Tel. Co.*, 156 N. Y. 75; *Koenitsky* v. *Matthews*, 64 Misc. Rep. 167; *Weber* v. *Becker*, 136 N. Y. Supp. 119; *Wolfe* v. *Mosler Safe Co.*, 139 App. Div. 848; *McCarthy* v. *McCabe*, 131 App. Div. 396; *Cunningham* v. *Syracuse Importing Co.*, 20 App. Div. 171.)

*Sidney H. Stuart* for respondent. · No relation of. master and servant existed between the defendant and the driver, and the former was not liable for the alleged negligence of the latter. (*Kellogg* v. *Church Charity Foundation,* 203 N. Y. 191; *Moore* v. *Stainton,* 80 App. Div. 259; 177 N. Y. 587; *Weaver* v. *Jackson,* 158 App. Div. 661; *Michael* v. *Stanton,* 3 Hun, 452; *Richardson* v. *Van Ness,* 53 Hun, 267; *Linger* v. *McDermott,* 30 Misc. Rep. 738; *Boniface* v. *Relyea,* 6 Robt. 397; *Quasman* v. *Burnet,* 6 M. & W. 506; *Cattlin* v. *Peddie,* 46 App. Div. 596; *Sammell* v. *Wright,* 5 Esp. 263; *Weyant* v. *N. Y. & N. H. R. R. Co.,* 3 Duer, 360; *Schmedes* v. *Deffaa,* 153 App. Div. 819.)

CUDDEBACK, J. This case involves the question as to when a servant in the general employment of one person becomes with regard to a particular transaction the servant of another person. The action is for personal injuries. The plaintiff's intestate was driving a paper-box wagon down Third avenue, New York city, when the wagon was struck by a large lumber truck with the result that he was thrown to the ground and sustained injuries from which he died. The driver of the truck, one Ryan, was in the general employment of a truckman named Durr, who was the owner of the team of horses attached to the truck. The truck was the property of the defendant and it was loaded with lumber which had been sold by the defendant and was in the course of delivery to the purchaser when the accident happened.

The question submitted on the argument and on the briefs of counsel in this court is whether the defendant was the employer of the truck driver and was, therefore, liable for his negligent acts, assuming that he was negligent. The trial court submitted the question to the jury and a verdict in favor of the plaintiff was rendered which the Appellate Division reversed and at the same time dismissed the complaint upon the merits.

The facts as to the relationship of the parties are undisputed and they are established by the testimony given by the defendant's employees, and by Durr and the truck driver. The defendant is a corporation engaged in the lumber business and Simonson, its vice-president, testified that he had an arrangement with Durr as to the hiring of teams which were to be paid for at a certain rate per day. The defendant made no payments to the driver of the team and could not discharge him, but might send him back to Durr if his services were not satisfactory.

Durr testified that he was in the trucking business and owned the team attached to the truck which collided with the wagon driven by the decedent, and that he was the employer of the truck driver. He knew that the defendant was in the lumber business and he had been in the habit for a long time of sending teams to the defendant to draw lumber. On the occasion in question he got an order the evening before over the telephone from the defendant to send up a team and driver. He knew that they wanted a team to cart lumber. He told Ryan to go up to Simonson and take orders as given to him and after he got through with his day's work to come back to the stable. Durr also testified that he had power to discharge Ryan, and that he paid him his wages, so much a day for whatever time he put in.

Ryan, the driver of the truck, testified that he was hired and paid by Durr. He was told by Durr in the morning to take his horses, ropes and binders and go to Simonson's yards. He went there and was directed by Koebler, the foreman of the yards, to hook on to a load of lumber that was standing there and deliver it. He was not told the route which he should take, but he did proceed from the lumber yard at 101st street and East river up First avenue to 110th street and then to Third avenue, where the accident occurred.

Koebler, the foreman in the defendant's lumber yard, testified that Ryan reported to him in the morning and

took away a load of lumber. In the afternoon he started again with another load and Koebler gave him a ticket with a number on it and told him to go to 181st street and Broadway. Koebler said to him, "Here is your ticket. We are in a hurry for this load and get it out of here."

There was quite a large amount of testimony given on the trial, but the foregoing presents the salient features of the case. The Appellate Division in reversing the judgment said the case could not be distinguished from *Kellogg* v. *Church Charity Foundation of L. I.* (203 N. Y. 191). The Appellate Division also cited as further authority its own decision in *Schmedes* v. *Deffaa* (153 App. Div. 819) which was subsequently reversed in this court (214 N. Y. 675).

I think the Appellate Division was in error. The principles of law which control in this class of cases are quite well settled. A servant in the general employment of one person, who is temporarily loaned to another person to do the latter's work, becomes, for the time being, the servant of the borrower, who is liable for his negligence. But if the general employer enters into a contract to do the work of another, as an independent contractor, his servants do not become the servants of the person with whom he thus contracts, and the latter is not liable for their negligence.

In the case of *Kellogg* v. *Church Charity Foundation of L. I.* (*supra*) the defendant was the owner of an ambulance, and it made an arrangement with a livery stable keeper to furnish a horse and driver to answer ambulance calls. The element of an independent contract is plainly apparent in that case. The liveryman undertook to do the work of running the ambulance for the defendant and the court had no difficulty in reaching the conclusion that the hospital was not liable for the negligence of the driver of the ambulance.

On the other hand, in *Schmedes* v. *Deffaa* (*supra*) a

livery stable keeper who had an order from an undertaker to furnish carriages for a funeral, not having a sufficient number of carriages of his own, applied to another liveryman for an additional carriage and driver. The second liveryman sent a carriage and driver as requested. That clearly was a case where the first liveryman procured additional facilities for doing his own work, and it was held in this court that he was liable for the driver's negligence.

In the case under consideration, Durr, the truckman, did not stand in the relation of an independent contractor to the defendant. He did not undertake to deliver lumber for the defendant. He simply furnished a team and driver to enable the defendant to do its own work. The case is the same as if the defendant had bought a team and hired a driver to aid in its business. It is not very material, so far as the defendant's liability is concerned, how it came by the instrumentalities with which it carried on its lumber business. The case is not within the rule laid down in *Kellogg* v. *Church Charity Foundation of L. I.* (*supra*) but rather within the principles decided by this court in *Schmedes* v. *Deffaa* (*supra*).

Inasmuch as there may be a new trial it is perhaps better not to enter into a further discussion of the evidence in the case. It is sufficient to say that it might fairly be inferred therefrom that the truck driver, Ryan, was in the employment of the defendant when the accident happened, and that the complaint should not have been dismissed. (*Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495.)

I recommend that the judgment appealed from be reversed, with costs to appellant, and that the case be remitted to the Appellate Division to pass upon the facts.

HISCOCK, COLLIN, HOGAN and SEABURY, JJ., concur; POUND, J. dissents; WILLARD BARTLETT, Ch. J., not voting.

Judgment reversed, etc.