RICHARD NAUYOKS, Respondent, *v.* OTIS ELEVATOR COMPANY, Defendant, Impleaded with LEVY-GILLILAND COMPANY, Appellant.

Second Department, February 21, 1917.

Master and servant — negligence — injury to employee while assisting in unloading elevator platform from truck — evidence — when driver of truck of one company remains under its control so as not to become servant of another company rendering latter liable for negligence.

In an action by an employee of an elevator company against his employer and another company for personal injuries sustained by the fall on him of an elevator platform, it was alleged that the cause of the accident was the neglect of the driver of the truck in prying the end of the platform off the truck before the men on the ground were ready to support it. The driver contended, however, that as the platform began to tilt one of the helpers ran from under and let it fall upon the plaintiff. Evidence examined, and *held*, sufficient to sustain a finding for the plaintiff;

That the defendant, employer of the driver, had entered into a contract to deliver the platforms of the elevator company to various buildings under construction, so that its drivers remained under its control and did not become the servants of the elevator company so as to render the latter liable for their negligence.

APPEAL by the defendant, Levy-Gilliland Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 20th day of March, 1916, upon the verdict of a jury for $5,500, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*William A. Jones, Jr.*, for the appellant.

*Sydney A. Syme*, for the respondent.

PUTNAM, J.:

Plaintiff, an employee of the Otis Elevator Company, was injured by the fall on him of an elevator platform, which was one of four platforms then being unladen from appellant's truck at a building under construction at the corner of Thirtieth street and Sixth avenue, New York city. These platforms are about seven feet square and weigh about 800 pounds. In unloading, a platform is raised up on edge, and then rolled towards the tail of the truck. The cause of its falling upon plaintiff was alleged to have been the neglect of Mr. Tavis, the driver, in prying the end of this platform off the truck before the men on the ground were ready to support it. Mr. Tavis, however, contended that as this platform began to tilt, one of the helpers ran from under, and let it be capsized upon plaintiff. The jury's finding for plaintiff on a conflict of fact appears to have been based on sufficient evidence.

Appellant, although the general employer of Mr. Tavis, with a right to direct and to discharge him, contends that at this particular time Tavis was the servant of the Otis Company, or that, in unloading this platform, he was a mere volunteer.

It appeared that appellant had an oral agreement to furnish trucks and drivers to deliver platforms of the Otis Company to various buildings under construction, for which appellant was to receive nine dollars a day for each truck and driver. The Otis Company was accustomed to call in advance on appellant's office for the number of trucks required, and the following day the trucks would proceed to the designated freight railroad station, where they would meet the superintendent of the Otis Company, who would give the different drivers the slips indicating the goods which the men would then load upon their trucks. Mr. Levy, appellant's president, testified that the unloading was done by the Otis Company, although he had never instructed appellant's drivers not to assist in such unloading. If the Otis Company were dissatisfied with any driver, that appellant would transfer him to other work or discharge him. The drivers were told to return to appellant's stables when the Otis Company work was finished. Mr. Shelley, superintendent for the Otis Company, testified that on this day he had given Tavis his load, also the receipts; that he had not

given the drivers any instructions as to unloading; that it was the duty of the Otis Company to unload these platforms at their destination. Other testimony from the Otis Company was to the effect that it was not customary for the drivers to assist in unloading.

Mr. Tavis, the driver in question, testified that he never had received instructions from appellant's superintendent to unload platforms, but if, at the destination, hands were short, he assisted in unloading; that on this occasion there were two men short. When delivering goods to other customers than the Otis Company that he always unloaded the trucks. He had also unloaded from his truck other goods than platforms for the Otis Company.

There was testimony also that such platforms were usually unladen by a force of six men, though sometimes this had been done by a less number.

On the cross-examination of Mr. Levy, the appellant's president, he was asked: "Q. Your contract with the Otis people was to furnish these trucks which would go to the various freight stations and would then deliver the goods to the different jobs round town where Otis was doing work ? * * * A. Yes. * * * Q. In other words, you were the truckman who delivered the goods ? A. Yes."

It seems clear that appellant had entered into a contract to do the work of the Otis Company, so that its drivers remained under its control and did not become the servants of the Otis Company. (*Hartell* v. *Simonson & Son Co.*, 218 N. Y. 345, 349; *Schmedes* v. *Deffaa*, 214 id. 675.)

No error appearing in the charge or the rulings during the trial, I advise that the judgment and order be affirmed, with costs.

Present — JENKS, P. J., THOMAS, MILLS, RICH and PUTNAM, JJ.

Judgment and order unanimously affirmed, with costs.