LOUIS BAUM, Appellant, *v.* ARTHUR LINK and WILLIAM LINK, Copartners Doing Business under the Name and Style of LINK AUTO DELIVERY COMPANY, Defendants, and A. LANGSTADTER, INC., Respondent.

(Supreme Court, Appellate Term, First Department, February, 1920.)

**Evidence — negligence — trial — automobiles — contract of hiring.**

> At the trial plaintiff not only proved that he sustained personal injuries through the collision between the wagon he was driving and an automobile negligently driven by the chauffeur but that the automobile had on its side defendant's name and address. *Held,* that had plaintiff rested his *prima facie* case the burden would have been upon defendant to rebut the inference that he was in control of the automobile. The plaintiff, however, called a witness who testified that he was the owner of the automobile and had hired it to defendant under a written contract introduced in evidence, by which it appeared that the automobile and driver were furnished for the purposes of defendant's business, and the chauffeur was under the contract to obey his reasonable directions and perform such labor as he should from time to time direct. *Held,* that plaintiff had made out a clear *prima facie* case that the defendant was the employer of the chauffeur and that a judgment entered upon a dismissal of the complaint in favor of the defendant should be reversed and a new trial ordered.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, entered upon a dismissal of a complaint in favor of the defendant A. Langstadter, Inc.

Morris H. Hofstadter, for appellant.

Julius Levy, for respondent.

Lehman, J.   The plaintiff herein sustained injuries through the collision of a wagon in which the plaintiff was driving with an automobile which he claims was under the control of the defendant A. Langstadter, Inc.   The action was originally brought not only against the defendant A. Langstadter, Inc., but also against Arthur Link and William Link.   Before the trial the action against them was discontinued.   At the trial the plaintiff produced testimony sufficient to make out a *prima facie* case that he sustained injuries by a collision with an automobile which was negligently driven by its chauffeur.   He further showed that the automobile had on its side the defendant's name and address.   There is no doubt that if the plaintiff had then rested his *prima facie* case against the defendant would have been complete, and if the defendant claimed that he was not in control of the automobile he would have been bound to produce evidence to repudiate the inference that he was in control, which would formally arise from the fact that his name was on the automobile.   The plaintiff, however, went further and called as his witness William Link, who testified on direct examination that he was the owner of the automobile and hired it to the defendant A. Langstadter, Inc., and the agreement of hiring was then introduced in evidence.   This agreement provides in part as follows:

"Agreement made this 15th day of November, 1915, between Aaron Langstadter, of the City of New York, Borough of Manhattan, and William Link of the same place

" *Witnesseth,* that the said Aaron Langstadter has hired and by these presents does hire, the said William Link, and the said William Link does let and agrees to supply to the services of the said Aaron Langstadter one automobile wagon with the appurtenances thereto,

complete, together with the driver duly licensed, all to be maintained by the said William Link in good and serviceable condition to the satisfaction of the said Aaron Langstadter, for the period of one year beginning October 15, 1915, to do such labor and perform such services at such time and in such place as the said Aaron Langstadter shall from time to time reasonably direct.

" The said Aaron Langstadter agrees that he will pay for the use of the said automobile the sum of forty-five dollars ($45) per week during each and every week of the term herein stated, for the use of such automobile wagon and driver, and for the performance of this agreement.

" The said William Link further agrees that he will furnish such wagon and driver every secular day and whenever required on legal holidays; that such automobile wagon and driver will be fit for the purposes of the said Aaron Langstadter's business, and at all time shall be in good serviceable condition, all to the satisfaction of the said Aaron Langstadter; that they will obey the reasonable directions of the said Aaron Langstadter and perform such labor as he shall from time to time direct.   *   *   *

"And the said William Link further agrees that he will procure the necessary license for such wagon or wagons and the necessary license for such chauffeur as may be required to operate the same, and further that he will procure the necessary insurance, compensation and otherwise.

" It is further agreed by and between the parties hereto that the said Aaron Langstadter shall have the privilege of paying the wages of the chauffeur directly to him and charge the same to the account of the sum to be paid by the said Aaron Langstadter as

hereinbefore mentioned, said compensation shall be paid at the end of each and every week.''

The witness Link also testified on cross-examination that the chauffeur was under his direction and that he never took any orders from A. Langstadter. Upon this testimony the trial justice dismissed the complaint, holding in effect that the chauffeur was solely in the employ of Link and the defendant Langstadter had no control or superintendence over him and was therefore not responsible for his acts.

It seems to me that under all the authorities, even if the chauffeur was in the general employ of Link, he was in the special service of Langstadter, and Langstadter was responsible for any negligence on his part while performing his duties under the special employment. In the present case the chauffeur was apparently engaged by the defendants Arthur Link and William Link and in their general employ, but: ''A servant in the general employment of one person, who is temporarily loaned to another person to do the latter's work, becomes for the time being, the servant of the borrower, who is liable for his negligence. But if the general employer enters into a contract to do the work of another, as an independent contractor, his servants do not become the servants of the person with whom he thus contracts, and the latter is not liable for their negligence.'' *Hartell* v. *Simonson & Son Co.,* 218 N. Y. 345. Upon the trial the plaintiff in this case relied for authority that under the contract the servant was temporarily loaned to the defendant to do his work, upon the case of *McNamara* v. *Leipzig,* 180 App. Div. 515, decided by a divided court, but the learned trial justice stated that he believed that the majority of the court was in error and that the law was correctly laid down in the dissenting opinion. After the argument of this appeal the Court of Appeals has reversed

the decision of the Appellate Division in that case. 227 N. Y. 291. The facts in that case were in some respects similar to the facts before us. In both cases the defendant had hired from a third party an automobile and the services of a driver for a definite period. In the *McNamara* case it was, however, shown that the owner of the automobile agreed to pay the expenses for gasoline used in propelling said automobile together with all expenses for repairs and supplies used for said automobile, whereas in the present case the owner of the automobile did not agree to pay for any expenses or supplies used in said automobile except that he agreed that the automobile " at all times shall be in good serviceable condition and that he will procure the necessary insurance, compensation and otherwise." Moreover in the *McNamara* case the chauffeur was under the defendant's direction only in the matter of coming to and leaving the defendant and of taking him to the place directed by him, while in the present case the contract provides that the " automobile wagon and driver will be fit for the purpose of the said A. Langstadter's business * * * and that they will obey the reasonable directions of the said A. Langstadter and perform such labor as he shall from time to time direct." In my opinion these additional features in the contract under consideration sufficiently show the essential elements to the plaintiff's cause of action against this defendant which the Court of Appeals held were wanting in the *McNamara* case. In the opinion of the Court of Appeals in that case the court said: " The relation of master and servant is created by contract, express or implied. Of the elements which may constitute it, those that the servant must, in the course of the employment, be doing the work of the master under the will, direction and control of the master through-

Appellate Term, First Department, February, 1920. [Vol. 110.

out all the details of the work, are essential.'' The contract under consideration shows that the automobile and driver were furnished for the purposes of the said A. Langstadter's business and the chauffeur was under the contract to obey his reasonable directions and perform such labor as he shall from time to time direct. It is difficult to reconcile these provisions of the contract with any actual control of the chauffeur by the owner of the automobile while the chauffeur is engaged in that business, and in view of the fact that the contract does not require the owner of the automobile to pay any except a few specified expenses while the chauffeur is rendering services to the defendant, it can hardly be said that the owner of the automobile is an independent contractor merely doing work for the defendant. The only limitation upon the right of the defendant to give directions is that such directions shall be reasonable, but that condition would, I think, be implied even if not expressed.

It is true that Link was permitted to testify on cross-examination in the construction of this term of the contract that the chauffeur was under his direction, but it would seem that this represents only his own legal conclusion from the terms of the contract. Under the rule enunciated by the Court of Appeals in the case of *Hartell* v. *Simonson & Son Co., supra,* and even in the case of *McNamara* v. *Leipzig, supra,* the plaintiff has made out a clear *prima facie* case that the defendant A. Langstadter, Inc., was the employer of the chauffeur.

It is fair to state that upon this trial the witnesses have used the words A. Langstadter, Aaron Langstadter and A. Langstadter, Inc., as if they were one person, natural or artificial, and the respondent contends that on this account, aside from any other questions of law, the plaintiff has failed to make out

a *prima facie* case. No such point was raised in the court below, and both the court and the litigants undoubtedly assumed that when these words were used they referred to the defendant A. Langstadter, Inc.

Judgment should, therefore, be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

WAGNER, J., concurs; BIJUR, J., dissents.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.