ANDREW WAGNER, as Administrator, etc., of PAUL WAGNER, Deceased, Appellant, v. MOTOR TRUCK RENTING CORPORATION, Defendant, Impleaded with HAGERTY MOTOR TRUCKING COMPANY and RODGERS & HAGERTY, INC., Respondents.

Second Department, June 24, 1921.

Master and servant — owner of motor trucks hired by general contractor to cart dirt at given rate per truck per day was independent contractor and responsible for negligence of driver of truck rented from third party — general contractor not responsible — fact that trucks bore name of general contractor immaterial.

A motor trucking company which was engaged by a general contractor to cart dirt at a given rate per day for each truck was an independent contractor and is responsible for the negligence of a driver of a truck hired by it with driver from a third party over which driver it had general control at the time of the accident, but the general contractor is not responsible for such negligence.

The fact that the motor trucks bore the name of the general contractor and that the drivers thereof wore badges marked with the initials of the general contractor does not make it liable for the negligence of a driver, since the general contractor was engaged in constructing an army base for the United States government which permitted only the employees of the contractor and its subcontractors to be admitted to the place where the work was going on.

APPEAL by the plaintiff, Andrew Wagner, as administrator, etc., from that part of a judgment of the Supreme Court in favor of the defendant Hagerty Motor Trucking Company, entered in the office of the clerk of the county of Kings on the 21st day of December, 1920, upon the verdict of a jury, and from that part of said judgment entered upon an order setting aside a verdict in favor of plaintiff and against the defendant Rodgers & Hagerty, Inc., for $15,000, and also from that part of an order entered in said clerk's office on the 9th day of December, 1920, directing that a general verdict be entered in favor of the defendant Hagerty Motor Trucking Company, and from that part of said order setting aside a verdict in favor of the plaintiff and against the defendant Rodgers & Hagerty, Inc., and dismissing plaintiff's complaint.

*George F. Hickey,* for the appellant.

*Louis Cohn,* for the respondent Hagerty Motor Trucking Company.

*Walter L. Glenney* [*Bertrand L. Pettigrew* with him on the brief], for the respondent Rodgers & Hagerty, Inc.

Jaycox, J.:

The Turner Construction Company was engaged in the erection of an army supply base in the borough of Brooklyn. This work was done under a contract with the United States government. The respondent Rodgers & Hagerty, Inc., was doing the work of excavation under a subcontract with the Turner Construction Company. The Hagerty Motor Trucking Company, Inc., had an agreement with Rodgers & Hagerty, Inc., whereby it (the Hagerty Motor Trucking Company, Inc.) agreed to furnish trucks for the disposition of excavated material at thirty dollars each per day — ten hours to constitute a day's work, overtime to be paid at the rate of three dollars an hour. Rodgers & Hagerty, Inc., had no trucks and did not attempt to dispose of any of the material in any way except by means of the trucks furnished by the Hagerty Motor Trucking Company, Inc. The Hagerty Motor Trucking Company, Inc., did not have sufficient trucks to take care of all of the material excavated. It, in turn, hired trucks with drivers from the Motor Truck Renting Corporation, and one of the trucks thus rented ran over and killed the plaintiff's intestate. The jury has found that the driver of this truck was guilty of negligence and that the plaintiff's intestate was free from contributory negligence.

The question as to whose servant the driver of the truck was at the time of the happening of the accident must necessarily be determined in this action. Upon the first trial of the action the court dismissed the complaint as against the Hagerty Motor Trucking Company, Inc., and the Motor Truck Renting Corporation, and the jury rendered a verdict against Rodgers & Hagerty, Inc. The plaintiff appealed from the dismissal of the complaint as against the Hagerty Motor Trucking

Company, Inc., but did not appeal from the dismissal of the complaint as to the Motor Truck Renting Corporation. Rodgers & Hagerty, Inc., appealed from the judgment against it. The judgment against Rodgers & Hagerty, Inc., was reversed, as was also the dismissal of the complaint against the Hagerty Motor Trucking Company, Inc. (*Wagner* v. *Rodgers & Hagerty, Inc.*, 193 App. Div. 912.) Upon the retrial the court submitted to the jury the following questions and took a special verdict thereon: " Q. Was there negligence on the part of Delahanty, the driver of the automobile truck? " " Q. Was there any negligence on the part of the deceased that contributed to the accident? " " Q. Whose servant was Delahanty, the driver of the automobile truck, at the time of the accident? " The jury answered the first question in the affirmative, the second in the negative, and the third, " Rodgers & Hagerty, Inc.," and rendered a general verdict against that defendant for the sum of $15,000.

The court, upon the motion of the defendant Rodgers & Hagerty, Inc., set aside the general verdict and dismissed the complaint. Judgment was thereupon entered by order of the court in favor of the Hagerty Motor Trucking Company, Inc., in accordance with the special verdict, and in favor of Rodgers & Hagerty, Inc., dismissing the plaintiff's complaint, with costs in both instances.

The jury having found that the driver of the automobile truck was guilty of negligence which caused the plaintiff's intestate's death, and that such intestate was free from contributory negligence, it seems to me clear that the plaintiff is entitled to recover from one of the defendants. The court has held, correctly I think, that the Motor Truck Renting Corporation was not in control of the driver at the time of the happening of the accident so as to be responsible for his negligence. Therefore, if the general employer of the driver — the Motor Truck Renting Corporation — did not control the driver at the time of the happening of the accident, the question naturally arises, who did control him? This question is answered by determining in whose work the driver was engaged.

In *Matter of Schweitzer* v. *Thompson & Norris Co.* (229 N. Y. 97) Judge CRANE, in the prevailing opinion, said: " It

is well settled that one may be in the general service of another and nevertheless with respect to particular work may be transferred with his own consent or acquiescence to the service of a third person so that he becomes the servant of that person with all the legal consequences of the new relation. (*Standard Oil Co.* v. *Anderson*, 212 U. S. 215, 220.) Difficulty frequently arises in determining when this transfer of relationship takes place. The rule was stated in this court in *Hartell* v. *Simonson & Son Co.* (218 N. Y. 345, 349) to be the following: ' A servant in the general employment of one person, who is temporarily loaned to another person to do the latter's work, becomes, for the time being, the servant of the borrower, who is liable for his negligence. But if the general employer enters into a contract to do the work of another, as an independent contractor, his servants do not become the servants of the person with whom ·he thus contracts, and the latter is not liable for their negligence.' The cases of *Kellogg* v. *Church Charity Foundation of Long ·Island* (203 N. Y. 191) and *Schmedes* v. *Deffaa* (153 App. Div. 819; 214 N. Y. 675) were cited as illustrations of the distinction."

In this case it is clear that the driver of the truck was not engaged in the work of his general employer, but that he was doing the work of either the Hagerty Motor Trucking Company, Inc., or Rodgers & Hagerty, Inc. Rodgers & Hagerty, Inc., had no trucks and did no part of the removal of the excavated material. The Hagerty Motor Trucking Company, Inc., on the other hand, removed all of this material and for this purpose furnished whatever number of trucks was necessary. The amount of the work it was to do was determined by the amount of material excavated. The number of trucks it was to supply was fixed in the same way; the number was to be adequate to remove the excavated material. The Hagerty Motor Trucking Company, Inc., under this arrangement became an independent contractor. It was required to remove all of the excavated material and its pay depended upon the number of trucks engaged in that work each day. That the trucks bore the name of Rodgers & Hagerty, Inc., that· the drivers wore badges marked R & H, in no wise affects this conclusion. At the time this country was engaged in the great World War and the work being done

in the construction of this army base necessarily could not be thrown open to the general public.   The government, therefore, permitted only the employees of the contractor and its sub-contractors to be admitted to the inclosure; therefore, it was necessary that the trucks bear the name of Rodgers & Hagerty, Inc., and the drivers wear the badges of the same corporation. The government paid on the cost plus plan.   Therefore, it had employees who kept records of the number of trucks employed in the work.   Rodgers & Hagerty, Inc., being paid under this plan, was desirous of seeing that it was paid for all the trucks engaged in the work, and as it paid for the trucks by the same method it was also desirous of seeing that it was charged for no more trucks than it received pay for. This explains the employment by Rodgers & Hagerty, Inc., of men known as " chasers," and shows the reason why that company was interested in seeing that each truck did a day's work.

On the prior appeal we held that the finding that the driver Delahanty was in the special employ of Rodgers & Hagerty, Inc., was contrary to the evidence.   The evidence in that respect has not been materially changed upon the new trial and the finding of the jury is still opposed to the weight of the testimony.   If I am correct in my conclusion that the Hagerty Motor Trucking Company was an independent contractor, then the verdict of the jury in favor of that defendant is also contrary to the evidence.   Of the adjudicated cases, *Schmedes* v. *Deffaa* (*supra*) affords the closest parallel to this case.   There the defendant was the keeper of a livery stable.   He received an order from an undertaker to furnish a number of horses and carriages to attend funerals.   He did not have sufficient horses and carriages for the purpose, so he applied to another livery stable keeper, who sent an additional carriage with a driver.   This driver reported to the undertaker, who directed him to go to the house where the funeral was to be and then to proceed with the funeral party to the cemetery.   This carriage was in an accident, which gave rise to the action in question.   It was held in the Appellate Division that the defendant was not liable upon the ground that he had no control over the driver and had no authority to employ or discharge him.   From this decision

Justices Laughlin and Miller dissented, and the Court of Appeals reversed the decision of the Appellate Division upon the opinion of Justice Miller (214 N. Y. 675). Justice Miller in the course of his opinion said (153 App. Div. 822): "As between the undertaker and the defendant, the latter was an independent contractor, and the driver, though subject to the former's instructions as to where he should go, was doing the latter's work and was for the time being under his control, precisely as though in his general employment. As between the general employer and the defendant, the driver was merely loaned by the former to the latter." A closer analogy to the present case cannot be imagined. Rodgers & Hagerty, Inc., was the general contractor and occupied a position similar to that of the undertaker in the case cited. As in that case, it sublet all its work of a particular character, the removal of the excavated material, by arranging with the Hagerty Motor Trucking Company, Inc., for its removal. The Hagerty Motor Trucking Company, Inc., therefore, occupied a position similar to that of the first livery stable keeper — the defendant in the cited case. Not having sufficient trucks, it obtained additional trucks from the Motor Truck Renting Corporation, and this corporation's position was the same as that of the livery stable keeper who furnished the additional carriage and driver. The driver of the truck concerned in this accident was, therefore, the servant of the Hagerty Motor Trucking Company, Inc., because he was engaged in doing its work. Rodgers & Hagerty, Inc., was not responsible for his neglect, as he was not doing its work — it having arranged with the Hagerty Motor Trucking Company, Inc., to do all of that work. Under this arrangement the Hagerty Motor Trucking Company, Inc., became an independent contractor.

The judgment and order dismissing the complaint as to Rodgers & Hagerty, Inc., should be affirmed, with costs. The special verdict of the jury in favor of the Hagerty Motor Trucking Company was contrary to the evidence, and the judgment thereon should be reversed and a new trial granted, with costs to abide the event.

Blackmar, P. J., Mills, Rich and Putnam, JJ., concur.

Judgment and order dismissing the complaint as to Rodgers & Hagerty, Inc., unanimously affirmed,. with costs. The special verdict of the jury in favor of the Hagerty Motor Trucking Company was contrary to the evidence, and the judgment thereon is reversed and a new trial granted, with costs to abide the event.