GEORGE J. MURRAY, Appellant, v. UNION RAILWAY COM-
PANY OF NEW YORK CITY, Respondent.

**Workmen's Compensation Law — servant of general
employer not a special servant of another for whom he was
doing work under a contract of the general employer.**

1. While the same man may be in the general employment of one
master and the special employment of another, such a contract pre-
supposes understanding. The new relation cannot be thrust upon the
servant without knowledge or consent. He must understand that he
is submitting himself to the control of a new master. There can be
no unwitting transfer from one service to another.

2. Plaintiff, who was hired and paid by a detective bureau, with
power to discharge him, was sent by the bureau to guard cars of a
street railway company whose employees were on a strike. He
knew nothing of the arrangement between the bureau and the com-
pany. Upon arriving at the car barn, he found an employee of the
bureau who was giving orders to others of its employees and assign-
ing them to duty. He was ordered by this employee to go upon a
car as a guard, and while guarding it he was injured. The railway
defended upon the theory that, although the detective bureau was
plaintiff's general employer, there had been an acceptance of a change
of masters; that at the time he was injured he was a special servant
of the railway company, and hence that his only remedy was under
the Workmen's Compensation Law. *Held*, that this theory was
untenable; that there had been no acceptance of a change of
masters and that plaintiff was entitled to maintain his common-law
action.

*Murray* v. *Union Railway Co.*, 183 App. Div. 209, reversed.

(Submitted April 22, 1920; decided June 1, 1920.)

APPEAL from a judgment entered May 25, 1918, upon
an order of the Appellate Division of the Supreme Court
in the second judicial department, reversing a judgment
in favor of plaintiff entered upon a verdict and directing
a dismissal of the complaint.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Jay S. Jones, Edward J. Fanning* and *Henry M. Dater* for appellant. Respondent utterly failed, as matter of law, to establish the special defense alleged in its answer, and the trial court properly declined to submit that question to the jury. (*Svenson* v. *Atl. M. S. S. Co.*, 57 N. Y. 108; *Matter of Dale* v. *Saunders Bros.*, 218 N. Y. 59; *Marvin* v. *U. L. Ins. Co.*, 85 N. Y. 278; *Kenny* v. *U. Ry. Co.*, 166 App. Div. 497.)

*Alfred T. Davison* and *James M. O' Neill* for respondent. Not only did the defendant prove that the plaintiff was its employee and, therefore, limited exclusively to compensation under the Workmen's Compensation Law, but also the plaintiff failed to establish that the plaintiff was not an employee of the defendant, and, therefore, entitled to recover in an action at law. (*Brinckerhoff* v. *Farrar*, 170 N. Y. 427, 432; *Dodge* v. *Cornelius*, 168 N. Y. 242; *Muck* v. *Hitchcock*, 212 N. Y. 283, 289; *Fanning* v. *Obsorne*, 102 N. Y. 441; *People* v. *N. Y. C. Ry. Co.*, 107 N. Y. Supp. 247; *Loader* v. *Brooklyn Heights R. R. Co.*, 35 N. Y. Supp. 996.) Even if it should be conceded that plaintiff was in the general employ of the Washington Detective Bureau, Inc., he would still have been as a matter of law an employee of the defendant railway company at the time of the accident, and his remedy would be the same as if he was defendant's employee only. (*Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273; *McNamara* v. *Leipzig*, 227 N. Y. 291; *Howard* v. *Ludwig*, 171 N. Y. 507; *Hallett* v. *N. Y. C. & H. R. R. R. Co.*, 167 N. Y. 543; *Higgins* v. *Western Union Tel. Co.*, 156 N. Y. 75; *McInerney* v. *Delaware & Hudson Canal Co.*, 151 N. Y. 411; *Wyllie* v. *Palmer*, 137 N. Y. 248; *Wolff* v. *Mosler Safe Co.*, 139 App. Div. 848; *Miller* v. *North Hudson Contracting Co.*, 166 App. Div. 348; *Section* v. *N. Y. C. & H. R. R. R. Co.*, 114 App. Div. 678; *Lee* v. *Cranford*, 182 App. Div. 191; *Reed* v. *Met. St. Ry. Co.*, 58 App. Div. 87; *Green* v. *McMullin, Snare & Triest, Inc.*, 177 App.

Div. 771; *Cunningham* v. *Syracuse Improvement Co.,* 20 App. Div. 171; *Standard Oil Co.* v. *Anderson,* 212 U. S. 215.)

CARDOZO, J. In July, 1916, there was a strike of motormen and conductors on the street railroad operated by the defendant in the city of New York. The Washington Detective Bureau undertook to furnish other motormen and conductors, and also guards or watchmen to protect the passengers and cars from violence. One of these guards was the plaintiff. He was injured in a collision as the result of the defendant's negligence. The question is whether his relation to the defendant at the time of the collision was that of an employee to an employer, either general or special (*Matter of De Noyer* v. *Cavanaugh,* 221 N. Y. 273; *Matter of Schweitzer* v. *Thompson & Norris Co.,* 229 N. Y. 97.) If it was, the remedy under the Workmen's Compensation Law (Consol. Laws, chap. 67), is exclusive of every other. If it was not, the common-law remedy for negligence survives. The plaintiff had a verdict at Trial Term. The Appellate Division reversed and dismissed the complaint.

Beyond doubt, the detective bureau was the plaintiff's general employer. (*Matter of De Noyer* v. *Cavanaugh supra.*) It hired him and paid him and had the power to discharge him. He was not told by the men who hired him of the nature of the arrangement between the bureau and the railroad. All that he was told was that they were sending him to guard cars, just as they had sent him on other occasions to guard factories or offices. On his arrival at the barn, he found one of the employees of the bureau giving orders to the watchmen, and assigning them to duty. Under orders thus given, he went upon a car, and, while guarding it, was injured.

We see nothing in these facts which was equivalent as matter of law to the acceptance of a change of masters. We do not doubt that the same man may be in the general employment of one master and the special

employment of another (*Matter of Schweitzer* v. *Thompson & Norris Co., supra; McNamara* v. *Leipzig,* 227 N. Y. 291).. But employment, like any other contract, presupposes understanding. The new relation cannot be thrust upon the servant without knowledge or consent (*McNamara* v. *Leipzig, supra; Standard Oil Co.* v. *Anderson,* 212 U. S. 215, 221; *Hull* v. *Phila. & Reading Ry. Co.,* 252 U. S. 475.) He must understand that he is submitting himself to the control of a new master. We are not concerned at the moment with cases in which the rights of third persons are involved. We speak of cases where the parties to the disputed relation are the parties to the controversy. Understanding may be inferred from circumstances, but understanding there must be. Common-law rights and remedies are not lost by stumbling unawares into a new contractual relation. There can be no unwitting transfer from one service to another.

If understanding of a new relation may be imputed to the plaintiff, it is at most an inference of fact to be drawn by a jury. Nothing in the situation as he knew it made the inference inevitable. He is not chargeable with the legal consequences of the arrangement between the bureau and the railroad as actually made. He is chargeable only with the legal consequences of the arrangement as known and approved. Knowledge and approval may be inferred where the servant, continuing in the service, takes his orders from some one other than the hirer or the hirer's representative. Here the hirer's representative was, or seemed to be, in continuous authority. A detective agency may undertake to guard the property of another with its own men and in its own way (*Standard Oil Co.* v. *Anderson,* 212 U. S. 215, 221; *McNamara* v. *Leipzig, supra; Matter of Schweitzer* v. *Thompson & Norris Co., supra*). It may undertake, on the other hand, to furnish another with men so that he may guard his prop-

8

erty for himself (*Standard Oil Co.* v. *Anderson; McNamara* v. *Leipzig, supra*). In the one undertaking, the relation of employment is unchanged. In the other, a new relation arises when the transfer is effected and the contract is fulfilled. Whether this undertaking fell in the one class or in the other, the plaintiff did not know. He remained, in default of knowledge, the servant of the hirer.

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., CHASE, COLLIN, POUND, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.