Hamilton, J.
The parties stand here in the order in which they stood below.
The plaintiff, Mary Gechei, an infant, was knocked down and injured by a motor vehicle of the defendant, at a street intersection in the city of *181 Cleveland, as she was going home from school. The motor vehicle was driven by one Herrick, a regular employe of defendant, George A. Boltz, and was at the time of the accident taking mourners home from a funeral which had just been held at Calvary Cemetery. The funeral was conducted by an undertaker named Jakab, who had ordered the motor vehicle of the defendant Boltz, a liveryman. The name of the deceased, whose funeral was being held, was John Murdi. The Murdi family in arranging for the funeral ordered twenty limousines for use at the funeral. The undertaker, taking a list of the liverymen engaged in this sort of work, ordered the limousines, four of which were ordered from the defendant Boltz, one of the four, driven by Herrick, being the machine which it is claimed struck the infant, plaintiff. Boltz had sent the limousines to the undertaker’s office, and the undertaker had .thereupon directed the said Herrick to get the priest and take him to the family residence, and, after the service at the house, had assigned him a place in the funeral line, with some of the mourners in his conveyance, to convey them to the cemetery, and, after the services at the cemetery, had again directed him to take the mourners in his car to their homes. And it was while Herrick was taking the mourners home that the accident is alleged to have occurred.
At the close of plaintiff’s testimony upon the motion of the defendant to dismiss the petition and render judgment for the defendant, the court granted the motion and withdrew the testimony from the jury, dismissed the petition, and rendered judgment for the defendant on his view of the law *182 that the defendant liveryman was not liable as the master. This is the error complained of in this case.
The case involves the question as to when a servant in the general employment of one person becomes with regard to a particular transaction a servant of another person. In other words applying the question to the instant case, was Herrick at the time of the alleged injury a servant of Boltz, the liveryman, or the special servant of the undertaker ?
The facts as to the relationship of the parties are undisputed with the exception as to whether or not the undertaker was acting for himself in procuring the limousines, or as agent for the family of the deceased. But, this fact is not important in the determination of the question in this case. The general rule, supported by the great weight of authority, is that where a motor vehicle and driver are hired, and the hirer exercises no control or supervision over the driver as to the management of the machine, except to direct him as to the route and similar matters, the owner is responsible for the negligence of the driver. Huddy on Automobiles (5 ed.), Section 644; Babbitt on the Law Applied to Motor Vehicles (2 ed., Blakemore), Section 866; Forbes v. Reinman & Wolfort, 122 Ark., 417; Johnson v. Coey, 237 Ill., 88; Tornroos v. R. H. White Co., 220 Mass., 336; Rodenburg v. Clinton Automobile & Garage Co., 85 N. J. L., 729, and Wallace v. Keystone Automobile Co., 239 Pa., 110.
While the above is the fundamental principle, the question arises upon the application of the facts in this case to the principle announced.
*183 In the case of Kellogg v. Church Charity Foundation, 203 N. Y., 191, the second paragraph of the syllabus is:
“Where an ambulance owned by the defendant and bearing the name of its hospital was kept at a livery stable, the proprietor of which furnished a horse to draw the ambulance and a man to drive it on such occasions as the defendant might indicate, the driver having been hired and paid by the livery stable keeper, who alone had the power to discharge him, the relation of master and servant is not established between the defendant and such ambulance driver as might be furnished from the livery stable. Such a contract does not make the driver the servant of the hirer or render his negligence imputable to the latter.”
In the case under consideration the defendant liveryman not only hired and paid the driver of the limousine, but, in addition thereto, owned and furnished the limousine in question, and the evidence further shows that the power to discharge the driver was alone in the liveryman.
In the case of Standard Oil Co. v. Anderson, 212 U. S., 215, Mr. Justice Moody states in the opinion, at page 222:
“The simplest case, and that which was earliest decided, was where horses and a driver were furnished by a liveryman. In such cases the hirer, though he suggests the course of the journey and in a certain sense directs it, still does not become the master of the driver and responsible for his negligence, unless he specifically directs or brings about the negligent act.”-
*184 In this case the undertaker testified that the widow of the deceased directed him to procure twenty limousines; that the liverymen who furnished motor vehicles for weddings and funerals had left their cards with him, that they might be called upon to serve in such business; that among the number he called were four .limousines from Boltz; that the limousines were furnished together with drivers by the liverymen; that the limousines were sent to him and all he did was to give them their positions in the line of the funeral procession and direct the drivers as to where to go and whom to take in the different machines, and, after the services at the cemetery, direct them to take their loads home, without designating any direction or way to go. The undertaker testified that he was not with the machine which caused the injury, nor anyone representing him, and there is' nothing to show that he did anything to bring about the negligent act. The undertaker did not pay the chauffeur nor the expenses of operation of the machine. While this latter fact alone is not sufficient upon which to determine the relationship, it is a circumstance for consideration in determining that fact.
A case much like the one here is that of Frerker v. Nicholson, 41 Col., 12. In that case an undertaking company hired a carriage and driver from the defendant, a livery-stable keeper, to carry friends at a funeral to the cemetery and back to their homes. The plaintiff, one of the occupants of the carriage, was alighting in front of her home, on the return trip, when the driver suddenly started the horses, and the plaintiff was thrown to the *185 ground and injured. The court held the driver was the servant of the defendant throughout the entire transaction and that the defendant was solely responsible for the negligence.
We are therefore of opinion that the facts make the relationship, prima facie, of master and servant between the driver, Herrick, and the defendant, Boltz.
The contract between the defendant and the undertaker fairly construed is an ordinary contract by the defendant to do his regular business by his' servant in the common way. The undertaker who employed the services of the liveryman indicated the work to be done, and in that sense controlled the service as he would have controlled the liveryman if he had been present. He did his own business in his own way, and the orders which he received from the undertaker simply point out to him the work to be done. Driscoll v. Towle, 181 Mass., 416.
While under certain circumstances the general servant of one master may become the special servant of another, to such extent as to relieve the former from liability for the servant’s negligence, under the facts of this case the general servant remained the servant of the liveryman throughout the transaction, and the servant was engaged upon the business of the liveryman.
The trial court rested its decision on the case of Deppen v. Conkling Box Co., 19 N. P., N. S., 153. That case is not an authority here. If it was cor"rectly decided, it is clearly distinguishable.
*186 It follows that the judgment of the trial court was erroneous and the judgment will be reversed and the cause remanded for further proceedings.

Judgment reversed, and cause remanded.

Shohl, P. J., and Cushing, J., concur.
Judges of the First Appellate District, sitting in place of Judges Dunlap, Washburn and Vickery, of the Eighth Appellate District.