Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL PELUSO, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued October 23, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Queens County Court, rendered April 1, 1921, at a Trial Term for the county of Queens, upon a judgment convicting the defendant of the crime of murder in the first degree.

*Peter P. Smith, Stanley C. Fowler, Joseph G. Finklestein* and *Richard J. Barry* for appellant.

*Dana Wallace, District Attorney* (*Joseph Lonardo* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

HARRY LIPSHITZ, as Administrator of the Estate of SARAH LIPSHITZ, Deceased, Respondent, *v.* RICHARD FITZPATRICK, INC., Appellant, Impleaded with Another.

*Negligence — master and servant — when general employer of chauffeur liable for accident arising while truck was rented to another.*

*Lipshitz* v. *Fitzpatrick, Inc.,* 196 App. Div. 940, affirmed.

(Argued October 24, 1922; decided November 21, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 4, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. The deceased was struck and killed by a motor truck. The evidence in support of the plaintiff's cause of action is to the effect that the deceased was standing on the sidewalk when she was struck and thrown

into the gutter, the left wheel running over her and causing injuries from which she died. The truck in question was owned by defendant Fitzpatrick, Inc., but was rented at the time with its chauffeur to the New York Steam Company. The chauffeurs reported to the superintendent of the steam company each morning and he directed when and where the trucks were to go. He had no control, however, over the manner of operation of the trucks. Defendant, appellant, contended that the steam company, as special employer, was liable for the accident.

*Theodore H. Lord* and *Fred H. Rees* for appellant.

*David Greenbaum, J. Arthur Hilton* and *Alfred T. Tompkins* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

LOVELAND PADDOCK, Plaintiff, *v.* FRANK S. PADDOCK, Appellant, and OLIVE A. PADDOCK, Respondent, Impleaded with Others.

*Real property — title — action to partition land — complaint dismissed as to land, legal title to which was in one of defendants.*

Paddock v. Paddock, 199 App. Div. 912, affirmed.

(Argued October 24, 1922; decided November 21, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 7, 1921, which affirmed a judgment of the court at a Trial Term without a jury dismissing the complaint, in an action of partition, as to a certain parcel of land described therein. The only question involved was as to the legal title and ownership of the land in question, the trial court holding that the respondent herein was the owner of an undivided one-half thereof.

*Thomas Burns* for appellant.

*Samuel Child* for respondent.