JAMES DORAN, Appellant, *v.* NEW YORK CITY INTERBOROUGH RAILWAY COMPANY, Respondent.

**Negligence — collision between two trolley cars belonging to different companies — action by motorman of one company against the other company for the negligence of its motorman — defense that plaintiff was employee not only of the company owning the car he was operating but also of a group of companies including the company which owned the car that collided with his car — such defense ineffective as a bar.**

Plaintiff, a motorman, was hurt in a collision between the car that he was operating and another. The car operated by him belonged to his employer, the Union Railway Company of New York. The car that ran into him belonged to another corporation, the New York City Interborough Railway Company, which maintains a different line. He has sued this latter company for the negligence of its servant. The theory of the answer is that the plaintiff was in truth the employee, not merely of the railroad company whose car he was running, but also of a group of other companies, including the company with whose car he collided, and hence that the Workmen's Compensation Act supplies the exclusive remedy. The substance of the allegations is that the plaintiff's application for employment was accepted by an employment bureau maintained by a group of railroads with the understanding that he would be informed thereafter of the particular lines into whose service he was to enter. This is not a statement that the plaintiff while in the service of one member of the group was to be in the service of the others. Such a relation cannot be thrust upon the servant without knowledge or consent. Hence the contract pleaded is ineffective as a bar.

*Doran* v. *New York City Interborough Ry. Co.*, 209 App. Div. 819, reversed.

(Argued January 26, 1925; decided February 25, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 29, 1924, which affirmed an order of Special Term denying a motion to strike out the first separate defense set up in the answer.

The following question was certified: " Is the first separate and complete defense set forth in the answer to the complaint herein sufficient in law? "

*Leonard F. Fish* and *Thomas J. O'Neill* for appellant.

*Addison B. Scoville* and *Alfred T. Davison* for respondent. The facts alleged in the first separate and complete defense of the answer constitute a complete defense to the alleged cause of action set forth in the complaint. (*Matter of Denoyer* v. *Cavanaugh,* 221 N. Y. 273; *Lee* v. *Crawford Co.,* 182 App. Div. 191; 230 N. Y. 618.)

CARDOZO, J. Plaintiff, a motorman, was hurt in a collision between the car that he was operating and another. The car operated by him belonged to his employer, the Union Railway Company of New York. The car that ran into him belonged to another corporation, the New York City Interborough Railway Company, which maintains a different line. He has sued this latter company for the negligence of its servant.

The case is here upon the pleadings, the plaintiff challenging by motion the validity of a defense. The theory of the answer is that the plaintiff was in truth the employee, not merely of the railroad company whose car he was running, but also of a group of other companies, including the company with whose car he collided. By force of this relation, service for one line became equivalent, it is argued, to service for the others. To operate a car for any was to operate it for all. From this the conclusion is deduced that the plaintiff is in the position

of one suing his own employer for an injury arising out of and in the course of a hazardous employment. For one so situated, the remedy under the Workmen's Compensation Act is exclusive of every other.

This is the defense in outline, but to determine its validity we must state it more precisely. The defendant says that ten railroad companies operating street surface railroads in the counties of New York, Bronx and Westchester constitute what is known as the Third Avenue Railway system; that these companies, of which defendant is one, jointly maintained an employment bureau and school for instruction for conductors and motormen; that the plaintiff made application to the companies comprising the said system for employment as motorman, and received instructions in their school; that after completing his course of instruction, he was engaged generally as a motorman by the companies comprising the said system " without any specific arrangement with the plaintiff as to what lines he would be used upon; " that since then he has worked as a motorman on various lines of the Union Railway Company and also on various lines of the defendant; that at all the times mentioned in the complaint " he was generally employed " by the defendant and the companies allied with it; that each and every company has secured compensation to its employees in accordance with the Workmen's Compensation Act; that the injuries suffered by the plaintiff while acting as a motorman on one of the lines of the Union Railway Company arose out of and in the course of his employment as a motorman of all the companies, members of the system; and hence that the plaintiff is without a remedy except under the statute.

We think the contract pleaded is ineffective as a bar. The substance is merely this: that the plaintiff's application for employment was accepted by an employment bureau maintained by a group of railroads with the understanding that he would be informed thereafter

of the particular lines into whose service he was to enter. This is far from the statement of an agreement that when the assignment was made to one line or another, the plaintiff, while in the service of one, was to be in the service of the others. A relation so extraordinary, if it is to be made the basis of a defense, must rest upon something more than words of doubtful import or equivocal conclusions. " Employment, like any other contract, presupposes understanding " (*Murray* v. *Union Ry. Co. of N. Y. City*, 229 N. Y. 110, 113), by which is meant, of course, the objective signs of understanding. " The relation cannot be thrust upon the servant without knowledge or consent " (*Murray* v. *Union Ry. Co. of N. Y. City, supra*).

We are not unmindful of the allegation, much relied on by the defendant, that the plaintiff was employed generally by all the members of the system. There are times and contexts in which such a pleading might be adequate. Here the description of the employment is so qualified and neutralized by a statement of the circumstances as to amount to nothing more than the pleader's statement of the law. We have said that the agreement would be extraordinary if read as the defendant reads it. It would be more than extraordinary. It would also be illegal. It would involve a partnership of railroads for joint or consolidated operation. There was no present relation of employment between the plaintiff and any member of the system till an assignment to duty had been made and accepted. Till then, there was at most an executory agreement for an employment to begin thereafter and to terminate at will. At once upon assignment, there sprang into being a new relation with groups of rights and duties appropriate to itself. The plaintiff, serving on one road, was not in the special employment of one master and the general employment of others, the remaining members of the group. He was in the undivided employment of the master to whom obedience

[239 N. Y. 452]          Statement of case.          [Feb.,

was due.  None of the other companies had any power to employ him except in its own service and for the promotion of its chartered objects.  None of them had power to become a general employer of the servants of the others, with the result that accidents in the course of service to the others would be made accidents in the course of service to itself.  We are not at liberty to infer from vague and evasive allegations that the defendant became a party to a contract unauthorized by law.  If conflicting inferences may reasonably be drawn, we draw the one of regularity.  The business of a railroad is to run its own lines.  The law does not permit it at its pleasure to run the lines of others (*People* v. *North River Sugar Refining Co.*, 121 N. Y. 582, 623).

The order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the question certified answered in the negative.

HISCOCK, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; MCLAUGHLIN, J., absent.

Orders reversed, etc.