## BENSCHOTER v. N. Y. CENT. RD. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2032. Decided May 28, 1928.

**First Publication of This Opinion**

Syllabus by Editorial Staff.

**TRIAL**

(590 Dc) A directed verdict in favor of the defendant, cannot properly be based on a claim that no evidence was introduced tending to show negligence on the part of the defendant, it appearing that there was evidence introduced to the effect that the defendant railroad violated the statute in failing to ring its bell or sound its whistle.

(50 Ac) Although the view at a railroad crossing is obstructed, nevertheless a truck driver is guilty of negligence where he approaches the crossing at the speed of 2 or 3 miles an hour and could have seen an approaching train 400 or 500 feet away had he looked, it appearing that he could have stopped almost instantly.

**EMPLOYER & EMPLOYE**

(250 M) Servant, let by his master to another, does not become the servant of the other because the other directs what work is to be done or in what way it is to be done.

Error to Common Pleas.

Judgment affirmed.

Ritter & Brumback and George E. Taylor, Toledo, for Benschoter.

Doyle & Lewis and Robt. Newbegin, Toledo, for Rd. Co.

## STATEMENT OF FACTS.

On May 4th, 1923, Louis Benschoter was the owner of a Republic 3½ ton motor truck which was loaded with five tons of crushed stone and being driven north on the public highway extending through the town of Holland in this county. The tracks of the defendant company extend east and west through the station of Holland, intersecting the highway at a considerable elevation above the surrounding country. On the afternoon of the date named the truck was being operated by Burt Bowser and when he approached the railroad crossing at Holland it became necessary in order to make the ascent to put the truck in low speed, on account of the heavy load and the grade of 6% or 7%, and as it reached the top of the incline the truck was traveling at not more than 2 or 3 miles an hour. In crossing the track the truck was struck near the center by a westbound passenger train traveling on the north track at the rate of about 60 miles an hour and entirely destroyed and the driver instantly killed.

The plaintiff, Louis Benschoter, brought an action against the railroad company to recover the value of the truck.

RICHARDS, J.

The plaintiff relies on the claim that the view of a traveler approaching from the south was obstructed by buildings and by certain box cars claimed to be standing on a siding south of the main tracks and east of the highway, by reason of which obstruction it is claimed to have been impossible to see a train approaching the crossing until the traveler reached the main tracks. As grounds of negligence the plaintiff contends that the defendant,

in violation of the statute, failed to sound a whistle or ring the bell and failed to maintain a flagman or gates or an automatic signal.

In view of the fact that the trial court directed a verdict in favor of the defendant, it is only necessary to say, so far as the claimed negligence of the defendant is concerned, that the plaintiff introduced evidence tending to show a violation of the statute in failing to ring the bell and sound the whistle. There being such testimony in the case, the directed verdict could not properly be based on a claim that no evidence was introduced tending to show negligence on the part of the defendant.

The answer to the second amended petition avers that the collision was caused solely by the negligence of the plaintiff himself through his agent, the driver, who was operating the truck, in that the driver drove the truck upon the crossing immediately in front of defendant's train, without stopping or looking or listening or taking any precautions to avoid a collision. This averment raises the two important questions in this case: First, whether the driver of the truck was so negligent, and, second, if so negligent, whether he was, at the time, the agent or employe of the owner of the truck and engaged in his business.

Even if cars were on the siding east of the highway when a traveler proceeding north had reached a point 25 feet south of the westbound high-speed track, he could see east down the track a distance of 550 feet. Under the doctrine announced by the Supreme Court in D. T. & I. R. R. Co. vs. Rohrs, 114 Ohio St., 493, no other conclusion could be reached than that the driver of the truck was guilty of negligence which directly caused the collision.

The question remains, however, whether he was at the time the agent or employe of Benschoter, and engaged in his business. The evidence on this subject comes wholly from Benschoter himself and it shows that he himself never drove the truck but purchased it to be driven by his brother-in-law, Bowser, who had charge of the truck from the time it was bought and took care of it for the plaintiff. In the fall before the collision Benschoter had an agreement with Johnson, Van Wagner & Johnson, to haul crushed stone for them on the Angola Road and in fulfilling that contract he was to provide a truck and Bowser as the driver, and was paid per ton mile for the crushed stone hauled and knew that the stone was to be hauled on the Angola Road, which necessitated crossing the tracks of the defendant company. In the spring the same arrangement was renewed between Benschoter and Johnson, Van Wagner & Johnson and with Bowser again as the operator of the truck, Benschoter testifying that he told Bowser to go there with the truck and do whatever Johnson wanted him to do, but that he knew it was to be the hauling of crushed stone on the Angola Road. While Bowser was operating the truck in hauling stone, he received the same compensation from Benschoter, $30.00 per week. Benschoter testified that after the truck was taken by Bowser to Johnson, Van Wagner & Johnson, he did not know who directed the handling of the truck but supposed it was done by the foreman on the job and that he himself had nothing to do with it at all. This testimony in relation to the employment and service of Bowser is not contradicted. If he was at the time of the collision an employe or agent of Benschoter, acting within the scope of his authority, then Benschoter would be liable for his negligence and the court was right in directing a verdict. On the other hand, if he was at the time the employe or agent of Johnson, Van Wagner & Johnson, and engaged in the performance of his duties for them, then Benschoter would not be liable for his negligence and the court was not justified in directing a verdict.

From the record it is perfectly clear that Benschoter was the general employer of Bowser and had the right to discharge him should occasion arise. While Johnson, Van Wagner & Johnson had the right to give directions about the hauling of the crushed stone, the duty of Bowser to use care in the operation of the truck for its protection was a duty which he owed to his employer, Benschoter. An instructive case, quite parallel with the one at bar, is Gechei vs. Beltz, 13 Ohio App. 180.

The following case illustrates the principle under varying facts:

McNamara vs. Leipzig, 227 N. Y., 291, in which it was held that a servant let by his master to another, does not become the servant of the other because the other directs what work is to be done or in what way it is to be done.

Although Bowser was loaned by his general employer to another, he was still engaged at the time of the collision in the performance of his employer's business and such employer continued responsible for his negligent acts. For the reasons given the judgment will be affirmed.

(Williams and Lloyd, JJ., concur.)