JOHN F. JOHNSON, Respondent, *v.* R. T. K. PETROLEUM Co., INC., and CHARLES R. HUNT, Appellants, and JAMES HUNT, Defendant.

Second Department, February 16, 1942.

*Lewis F. X. Cotignola* [*William C. Goodson* and *Alexander D. Diamond* with him on the brief], for the appellant R. T. K. Petroleum Co., Inc.

*Charles J. Carroll, Jr.,* for the appellant Charles R. Hunt.

*Harry A. Spiegelman,* for the respondent.

PER CURIAM. Action to recover damages for personal injuries sustained as the result of the alleged negligent operation of a motor truck by defendant Charles R. Hunt, its owner. Plaintiff alleges that Hunt was an employee of defendant R. T. K. Petroleum Co., Inc., at the time of the accident.

The proof shows that appellant Hunt, as a truckman, was engaged to deliver the corporate appellant's products, at a stipulated rate per gallon, from an oil company depot to the corporation's customers in such amounts as the customers ordered. The corporation did not control or direct the manner or route of deliveries. Hunt selected his own route and did not work any specific length of time daily. He paid for the storage of the truck and its upkeep. His name, and not that of the corporate appellant, appeared on the truck. The burden of showing the applicability of the doctrine of *respondeat superior* was on the plaintiff. (*McNamara* v. *Leipzig,* 227 N. Y. 291, 294; *Bartolomeo* v. *Bennett Contracting Co.,* 245 id. 66.) Plaintiff did not establish that Hunt trucked exclusively for the corporate appellant. Hunt was not the employee of the corporation, but instead was an independent contractor. (*Lipshitz* v. *Fitzpatrick, Inc.,* 234 N. Y. 592; *McLaughlin* v. *Audley Clarke Co.,* 251 id. 507; *Martucci* v. *Eskay Coal & Fuel Corp.,* 257 App. Div. 998; affd., 282 N. Y. 642.) Authorities cited by plaintiff may be distinguished on the facts or must be overruled as counter to the principles enunciated in *Charles* v. *Barrett* (233 N. Y. 127, 129) and reiterated in *Irwin* v. *Klein* (271 id. 477, 484, 485). Plaintiff did not show that " intimacy of control " and " fullness of submission " which were essential to recovery. (*Matter of Glielmi* v. *Netherland Dairy Co.,* 254 N. Y. 60, 63.)

On appeal by defendant Charles R. Hunt, the judgment for plaintiff, in so far as appealed from, should be affirmed, with costs.

On appeal by defendant R. T. K. Petroleum Co., Inc., the judgment for plaintiff as against it should be reversed on the law, with costs, and the complaint dismissed on the law, with costs.

LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ., concur.

On appeal by defendant Charles R. Hunt, judgment for plaintiff, in so far as appealed from, unanimously affirmed, with costs.

On appeal by defendant R. T. K. Petroleum Co., Inc., judgment for plaintiff as against it reversed on the law, with costs, and complaint dismissed on the law, with costs.