In the Matter of PATRICK SHEEHY, Respondent, against LESTER T. DOYLE, as Trustee in Reorganization of Surface Transportation Corporation of New York, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 17, 1959.

*Addison B. Scoville, Stuart Riedel* and *Emelyn MacKenzie* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*O'Donnell & Schwartz* for claimant-respondent.

REYNOLDS, J.   Appeal by the self-insured employer from a decision of the Workmen's Compensation Board which determined that the claimant's Dupuytren's Contracture was an occupational disease.

The issues on this appeal are whether an occupational disease was established and whether the claimant has worked for the same employer since 1927.

The claimant went to work for the Third Avenue Railway Company in 1927 and in 1942 this company was succeeded by the Third Avenue Transit Company through merger and con-

solidation. In 1948 trolley cars, which the Transit Company operated, were being discontinued in New York City and buses were being substituted. The Surface Transportation Corporation, another member of the Third Avenue System, operated buses and as the result of an agreement between the union, Surface Transportation and the Transit Company, employees of the latter were given jobs with Surface Transportation and they retained some of their seniority in the transfer. The claimant was laid off by the Transit Company on June 28, 1948 and on July 26, 1948 he filled out a new application for employment which the transferring employees were required to file with the director of personnel who acted for all the corporations in the Third Avenue System. On June 21, 1949 Surface Transportation went into bankruptcy and the claimant continued to work under the trustee in reorganization. The claimant did varied work from 1927 to 1948 involving cleaning manholes, digging up streets with a sledge hammer, air gun and shovel, using a crow bar and pulling a welding machine. After 1948 he worked as a porter doing such things as sweeping and lifting barrels.

On April 16, 1953 an operation was performed on the claimant's right hand and he did not work for about 10 months. After the Referee twice disallowed the claim the board finally found that the claimant had an occupational disease contracted in the same employment in which he was employed at the time of disablement.

The appellant contends that on the basis of *Matter of Detenbeck* v. *General Motors Corp.* (309 N. Y. 558) an occupational disease was not made out here. He presented the testimony of two medical experts who stated that trauma plays no part in causing or aggravating Dupuytren's Contracture. The claimant's medical expert stated that the claimant's occupation was the aggravating factor in the production of the disease. Both of appellant's experts admitted that there is a school of medical thought which holds that trauma does aggravate and accelerate this disease. The recognizable link between the disease and the claimant's occupation is provided here by the repeated trauma to the hands. The board could properly determine that the disease was occupational in nature. A statement recently made by this court in *Matter of Nardo* v. *Rheinstein Constr. Co.* (7 A D 2d 689) is particularly applicable here: " On the question whether Dupuytren's Contracture itself can be classified as an occupational disease there is adequate medical opinion in the record that the course of work performed by claimant with his hands accelerated and adversely affected the disease; and it is a disease that has been frequently stated by competent medical

experts to be affected by the repeated heavy use of the hands."
(See also, *Matter of Carson* v. *New York City Tr. Auth.*, 7 A D
2d 667; *Matter of Reisinger* v. *Liebmann Breweries*, 7 A D 2d
658.) The medical evidence supporting the award is as strong
here as in any of the above cases.

The appellant's doctors testified that the disease was present
in 1942 and the board found that it was affected by the claimant's
work throughout his 26 years of employment by the same em-
ployer. The appellant admits that the Third Avenue Railway
and the Third Avenue Transit were the same employer but he
maintains that thereafter the claimant went to work for a new
employer. He relies on two cases holding that corporations in
the Third Avenue System were separate legal entities (*Berkey*
v. *Third Ave. Ry. Co.*, 244 N. Y. 84; *Doran* v. *New York City
Interborough Ry. Co.*, 239 N. Y. 448.) In the *Doran* case, which
is closest to the present case, the court stated the substance of
the employment agreement was that the employee would be
informed of which line he was to work for and that this was far
from an agreement that while in the service of one he was also
in the service of the other. Here the agreement specifically and
unequivocally stated that the claimant was at all times employed
by each of the companies named on the agreement irrespective
of the payroll on which his name might appear. Further we
are here involved with section 40 of the Workmen's Compensa-
tion Law which is entitled to a liberal construction (*Matter of
Biederman* v. *Liebmann Breweries*, 1 A D 2d 708). The conten-
tion of appellant that each of the corporations was separately
self-insured and therefore constituted separate employers is
not controlling here. The board could find, as it did, that the
claimant had but a single employment from 1927 to 1953.

The decision should be affirmed, with costs to the Workmen's
Compensation Board.

Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation
Board.