■ JOSEPH G. GALLO, Appellant, v. HIGGINS ERECTIONS & HAULERS, INC., Respondent.— Appeal (1) from an order of the Supreme Court at Special Term, entered December 5, 1973 in Columbia County, which granted a motion by defendant for summary judgment dismissing plaintiff's amended complaint, and (2) from the judgment entered thereon. It is not disputed that plaintiff was in the general employ of Blaw Knox Chemical Plants, Inc., when he was injured in the course of moving a 26-ton industrial dryer to a new site. He seeks to hold defendant liable for his injuries on the theory of negligence in failing to provide an adequate degree of supervision and proper equipment so that the task could be safely accomplished. By way of affirmative defense, defendant claims that plaintiff was in its special or *ad hoc* employ during this moving operation, having been lent his services by Blaw Knox for that purpose in settlement of a labor union jurisdictional dispute, and that he should be limited to Workmen's Compensation benefits for his injuries. Defendant's motion for summary judgment containing this argument was accepted by Special Term and resulted in the dismissal of plaintiff's amended complaint on the merits. This appeal ensued. It has been said, with some justification, that

there must be a showing of deliberate and informed consent by an employee before any new employment relationship will be held a bar to a common-law action for, in transferring his allegiance, the employee may be surrendering his right to sue such a new employer in negligence (see 1A Larson, Workmen's Compensation Law, § 48.10, p. 8–206). Despite plaintiff's failure to factually contest this motion for summary judgment (cf. *Holdridge* v. *Town of Burlington*, 32 A D 2d 581), we believe that the insufficiency of defendant's pleadings and moving papers to show plaintiff's consent to this supposed new arrangement rendered it improper for Special Term to grant summary relief. Those papers also failed to make clear whether plaintiff was in fact directed by one of defendant's supervisors on the date of his injury or proceeded at his own initiative for the benefit of his general employer. It may well be that plaintiff had become a special employee of defendant for this occasion and we express no present opinion on the merits of that issue. Adequate demonstration of that proposition has not yet been adduced so as to preclude plaintiff's present action as a matter of law (cf. *Murray* v. *Union Ry. Co.*, 229 N. Y. 110; compare *Nyholm* v. *Caldwell-Wingate Co.*, 12 A D 2d 802 with *Bird* v. *New York State Thruway Auth.*, 8 A D 2d 495). Judgment and order reversed, on the law, and the amended complaint reinstated, without costs. Staley, Jr., J. P. Cooke, Sweeney, Kane and Reynolds, JJ., concur.