■ BRIAN R. HILL, Respondent, v ERDLE PERFORATING COMPANY, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Defendant contends that the trial court erred in denying its motion made at the close of the evidence for dismissal of the complaint and, instead, submitting the case to the jury. The jury found that plaintiff was not an employee of defendant at the time of his injury and so was not restricted to recovery under Workmen's Compensation Law, and was entitled to a verdict in this negligence action against defendant to recover damages for personal injuries sustained when his hand was caught in one of defendant's steel roller machines which he was operating. Plaintiff was employed by Tempa Employment Service (Tempa), which was in the business of supplying labor on a day-to-day basis to persons and companies needing this service. On October 3, 1972 defendant signed a contract with Tempa under which Tempa sent plaintiff to work for defendant. The contract provided "that Tempa is not an employment agency"; that Tempa provides workmen's compensation and unemployment insurance for the workers whom it employs and furnishes to others; that such others pay Tempa for the workers supplied, and Tempa pays its said employees directly. The agreement contains the provision that, "it is understood that insurance furnished by Tempa does not cover physical loss or damage caused by the operation of the undersigned's [defendant's] machinery * * * while operated by the person named above [plaintiff]". The contract also provided that if defendant were to hire plaintiff away from Tempa within 90 days thereof, defendant would pay Tempa $150 as liquidated damages. In defense of plaintiff's action against it to recover for his injuries, defendant alleged that plaintiff was one of its employees and as such is limited to making a claim for workmen's compensation. Because plaintiff was Tempa's employee and was receiving workmen's compensation through Tempa's insurance carrier, the court submitted to the jury as a question of fact whether plaintiff had become an *ad hoc* employee of defendant; and the court specified to the jury the many factors to be considered by them in determining whether plaintiff had become a special employee of defendant on that day. Defendant contends that the facts were not in dispute and that it was solely a question of law for the court to decide. Although cases arise in which the matter of control of the employee is so clear that the court may determine it as a matter of law (see *Braxton v Mendelson*, 233 NY 122, 124; *McNamara v Leipzig*, 227 NY 291; *Bird v New York State Thruway Auth.*, 8 AD2d 495), generally a question of fact is presented in cases of this sort as to whether the person to whom the employee has been supplied has become a special employer *(Stone v Bigley Bros.*, 309 NY 132; *Burton v American Bridge Co.*, 297 NY 993; *Kristiansen v Wagner's Steel Erectors*, 295 NY 668; *Ramsey v New York*

*Cent. R. R. Co.,* 269 NY 219, 224; *Bartolomeo v Bennett Contr. Co.,* 245 NY 66, 69–70; *Braxton v Mendelson,* 233 NY 122, 124, supra; *Cannon v Fargo,* 222 NY 321, 328; *Gallo v Higgins Erections & Haulers,* 45 AD2d 790; *Vathy v Rupp Rental Corp.* 43 AD2d 892; 1 NY PJI 2d 557-560), the presumption being that the general employer continues as sole employer *(Bartolomeo v Bennett Contr. Co., supra; Bird v New York State Thruway Auth., supra).* Upon the facts in this case, we conclude that the trial court was correct in submitting the question to the jury, and that the evidence is sufficient to support the verdict. (Appeal from judgment of Monroe Supreme Court—negligence, industrial accident.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.