James A. Prevost, M.D. Commissioner State of New York Office of Mental Health
Your counsel has asked whether certain New York City Board of Education teachers working in a school program that is jointly operated by the New York State Office of Mental Health (OMH) and the City Board of Education (BOE) are employees of the State for purposes of section 17 of the Public Officers Law.
Section 17 provides for the defense of an employee of the State in any civil action or proceeding arising out of any alleged act or omission occurring while the employee was acting within the scope of his duties (Public Officers Law, § 17 [2] [a]). The State must indemnify its employees for any liability as a result of such an action (id., § 17 [3] [a]).
An "employee" is defined as any person holding a position by election, appointment, or employment in the service of the State, whether or not compensated, or a volunteer expressly authorized to participate in a State-sponsored volunteer program (id., § 17 [1] [a]).
The facts as related in your counsel's letter and in telephone conversations with your staff are as follows. The program jointly operated by OMH and BOE is for children with learning disabilities and behavioral disorders. Children enrolled in the program are simultaneously patients of the Bronx Psychiatric Center, an OMH facility, and the City school system. While in the program the children receive treatment for their behavioral and learning problems from OMH staff and educational instruction from BOE teachers. The teachers are hired and paid by the BOE. OMH has an informal right to veto the placement of teachers in the program. The teachers report both to BOE administrators and to the OMH staff who direct the daily teaching activities comprising part of the program. There is no agreement between OMH and BOE defining the respective powers of each in the operation of the program.
It is a long standing rule of law that a servant in the general employment of one person, who is temporarily loaned to another person to do the latter's work, becomes the servant of the borrower, who is liable for his negligence (Hartell v Simonson Son Co., 218 N.Y. 345 [1916];Grunenthal v Long Island Rail Road Company, 292 F. Supp. 813, 817 [SD New York, 1967]). If the employee is furthering the business of his general employer by the service rendered to another, there will be no inference of a new relation unless command has been surrendered, and no inference of its surrender from the mere fact of its division (Irwin v Klein,271 N.Y. 477, 484-485 [1936]). In the absence of proof that the general employer has surrendered control completely, it must be presumed that his control continued (ibid.; see Hill v Erdle Perforating Company,53 A.D.2d 1008 [4th Dept, 1976]). Although the indicia of employment are the power to hire and fire, the payment of salary and the power to control the employee, it is the latter without which there can be no finding of employment (Hardy v Murphy, 29 A.D.2d 1038 [3d Dept, 1968]; 1979 Op Atty Gen 57). Court decisions on whether the employee of one master becomes for the time the servant of another can be reconciled only by the analysis of the specific facts in each case (Stone v BigleyBros., 309 N.Y. 132 [1955]).
The facts as related do not amount to a complete transfer of control over the BOE teachers to the State OMH. The City BOE has the right to hire and fire. Teachers in the program report both to OMH and BOE administrators. Student enrollees receive the educational training mandated by the BOE in addition to specialized OMH treatment. This is not a situation where workers, although paid by another, were subject to the complete direction and control of State personnel and were regularly engaged in carrying out the functions of the State (see 1979 Op Atty Gen 57, supra). In that situation the workers were employees for purposes of section 17
of the Public Officers Law. In this situation they are not.
Your counsel also asks whether the BOE teachers receive section 17 coverage when they transport students in OMH vans at the request of OMH personnel but in violation of the express direction of the BOE that they refrain from this activity. In this situation, since the BOE has not given up control over the teachers, the mere fact that the teachers violate BOE policy does not serve to make them employees of the State. Presumably the BOE would have the right to discipline the teachers for failure to adhere to established policy. Control over the teachers has not, under these circumstances, been completely transferred to the OMH (Irwin v Klein, supra; Hill v Erdle, supra).
Finally, your counsel asks whether the teachers would have section 17 coverage as volunteers for OMH to transport the students during the teachers' normal working hours. If the teachers were violating BOE policy in transporting the students, the analysis and result would be the same as for the preceding question. If the BOE and OMH reached an agreement whereby teachers were loaned to OMH for this purpose, an examination of the contents of the agreement and practice in carrying it out would be necessary to determine whether and to what extent the teachers became employees of the State for purposes of section 17.*
We conclude that New York City Board of Education teachers participating in a program for children with learning disabilities and behavioral disorders jointly sponsored by the Board of Education and the State Office of Mental Health are not employees of the State for purposes of defense for and indemnification under section 17 of the Public Officers Law.
* We do not address the question whether the teachers could be indemnified by the City under section 18 of the Public Officers Law, added by L 1981, ch 277.