Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHARLES MCNALLY, Respondent, for Compensation under the Workmen's Compensation Law, v. THE DIAMOND MILLS PAPER COMPANY, Alleged Employer, and THE EMPLOYERS' MUTUAL INSURANCE COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, May 2, 1917.

**Workmen's Compensation Law — when employee, injured while installing engine for paper manufacturer, not engaged in a hazardous employment.**

Where a person in the business of moving heavy machinery was engaged by a paper company carrying on a hazardous business within the meaning of group 15 of section 2 of the Workmen's Compensation Law, to install an engine, he was not engaged in a hazardous employment within said provision of the statute, nor is he entitled to avail himself of the provisions of group 42 of said section, which specifically includes the installation of " engines or heavy machinery."

The paper company did not carry on the occupation of installing engines or heavy machinery for a pecuniary gain within the meaning of subdivision 5 of section 3 of the statute.

APPEAL by the defendants, The Diamond Mills Paper Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 11th day of June, 1916.

*Blauvelt & Warren [George A. Blauvelt* and *Maurice J. O'Callaghan* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel],·for the respondent State Industrial Commission.

COCHRANE, J.:

The employer was engaged in the business of manufacturing paper. At the time of the accident on December 18, 1914, it was installing a large engine in its manufacturing plant. The claimant was in the business of moving heavy machinery and·

for that purpose owned the appropriate and necessary implements and equipment and had in his employ men whose compensation in case of injury he secured by procuring insurance under the Workmen's Compensation Law covering his liability to them in case of accident. He had been employed by the paper company to move the engine from the railroad to the plant for the sum of two hundred dollars. In the performance of this work he had used his own implements and the men in his employ. After the completion of this contract the party from whom the paper company purchased the engine pursuant to a provision in the contract of purchase sent a man to the paper company to superintend the work of installation for which the paper company was to pay seven dollars a day. The latter company furnished a number of its own men for the installation of the engine and also employed temporarily the claimant and two of his employees to assist in that work, paying the claimant three dollars and fifty cents per day for his own services and something less for the services of his two employees. During the progress of the work of installation of the engine the claimant was injured, and an award has been made to him on the theory that he was an employee of the paper company.

Assuming that the claimant was in the employ of the paper company, I am of the opinion that he is not within the protection of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41). The business of manufacturing paper is a hazardous employment and falls within group 15 of section 2 of the act. But the claimant was not exposed to the hazards of that business. His employment was of a special character. Installing this engine had no relation to the hazards of paper making except that it increased the facilities for that purpose. In his claim for compensation filed with the Commission he stated in answer to questions that his occupation when injured was " helping erect engine " and that he had worked at this occupation " off and on about 30 years." It does not appear that the plant was in operation at the time of the accident. From the fact that this large engine was being installed we may perhaps infer that the work of manufacturing paper was in abeyance until the engine was in place. But however that

may be the claimant was not employed to manufacture paper nor did he come within the risks of that business, nor was he in fact injured by the operation of the paper mill. His work in installing this engine was of the same character as that which he was accustomed to do in other places irrespective of whether or not the general business there conducted was hazardous. It seems very clear that the claimant was not engaged in a hazardous employment included within group 15.

Nor can the claimant avail himself of the provisions of group 42, which specifically includes the installation of " engines or heavy machinery." The case of *Matter of Bargey* v. *Massaro Macaroni Company* (218 N. Y. 410) is directly opposed to this contention. In that case it was held that the employee who was a carpenter by occupation and had been repairing the building wherein a hazardous business was conducted was not himself engaged in that business or entitled to the protection of the law on that account. It was further contended that he was within group 42. The court said: " The appellant invokes also the part of the language creating group 42 as follows: ' construction, repair and demolition of buildings.' It is answered by the fact that the company did not carry on the occupation of constructing, repairing and demolishing buildings for pecuniary gain. This conclusion is obvious beyond the need of discussion." (See, also, *Coleman* v. *Bartholomew*, 175 App. Div. 122.) In the present case the paper company did not carry on the occupation of installing engines or heavy machinery for pecuniary gain. (§ 3, subd. 5.)

The award should be reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.