Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ARLIE F. PECK, Widow, Respondent, for Compensation under the Workmen's Compensation Law, on Behalf of Herself and Minor Children on Account of the Death of LEWIS PECK, v. TASSELL & FAIRBANKS, Employers, and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, November 10, 1920.

**Workmen's Compensation Law — evidence establishing relationship of employee and not independent contractor — death of engine repairman by overturning of his automobile while returning from work — accident arising out of and in course of employment.**

A mechanic who had performed considerable work repairing engines for water systems installed by a firm of heating and plumbing contractors, and also on automobiles and automobile trucks used by said firm, who handed in his bill for the gross amount without itemizing it and was paid at a certain rate per hour depending on the particular kind of service rendered, was an employee of said firm and not an independent contractor, and hence where said employee's automobile in which he was riding while returning from repairing an engine for his employer overturned resulting in his death, the accident arose out of and in the course of his employment and an award should be affirmed.

APPEAL by the defendants, Tassell & Fairbanks and another, from a decision and award of the State Industrial Commission, made on the 22d day of December, 1919, and entered in the office of said Commission on the 2d day of January, 1920.

*Nadal, Jones & Mowton [Edward P. Mowton* of counsel], for the appellants.

*Charles D. Newton, Attorney-General [Bernard L. Shientag* and *E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

KILEY, J.:

The only question involved upon this appeal is whether claimant's husband at the time of the accident was an independent contractor or an employee of Tassell & Fairbanks, of Williamson, N. Y., when the accident occurred. The firm of Tassell & Fairbanks was engaged in business as heating

and plumbing contractors, installing water supply systems, including engines. Lewis Peck was a mechanic, working for whoever employed him; he did much work in the repair of auto engines as well as other engines. Previous to March 13, 1919, he had done considerable work repairing engines for the water systems, and on automobiles and automobile trucks, for this appellant, employer. When he finished the particular kind of work he was employed to do by said appellants he handed in his bill for the gross amount without itemizing it, sometimes including the value of the use of his own automobile when required to carry himself, tools and material to the place this repair work called him; his name was carried on the employers' payroll; it appearing from the evidence of one of the members of the firm that he was considered an honest man and he was not asked to itemize his bill, and that it was understood that his rate of wages per hour was sixty to seventy cents, depending somewhat on the particular kind of service he was called upon to perform. Claimant testified and stated in her claim that his wage rate was seventy cents an hour. The payroll upon which Peck's time and compensation were carried was used as a basis upon which the appellant insurance carrier figured the amount of the yearly premium to be paid by the employer for compensation insurance. The employer further testified that Lewis Peck never worked for his firm by the job as an independent contractor. On the 13th day of March, 1919, Tassell & Fairbanks employed Peck to go out of town some five or six miles and repair an engine of one of its water systems; he had done the same work for this firm on previous occasions; he used his own automobile on this occasion; after finishing his work he was returning home when the auto turned over and Mr. Peck was killed. It appears further from the record that the employer furnished tools and machinery on different occasions to be used by Peck in the work he was doing for the firm. The employer claimed this was one of the men he insured. The appellant, insurance carrier, urges that on this state of facts claimant's husband was an independent contractor. I have stated that the above is the only question involved, and I so consider it, for it appears beyond contradiction that the firm of Tassell & Fairbanks was engaged in the business continuously in which

they employed the deceased and that he was their engine repair man, and it follows that the accident arose out of and in the course of the employment. Appellant carrier relies, as authority for its contention that this man was an independent contractor, upon *Prince* v. *Schwartz* (190 App. Div. 820) and *Matter of Litts* v. *Risley Lumber Co.* (224 N. Y. 321). In both these cases there was a contract to do the work by the job for a lump sum and they are therein distinguishable from the case at bar. That claimant's husband was not an independent contractor seems clear from the evidence and finds support in *Liberatore* v. *Friedman* (224 N. Y. 710), which was a piece work case. To the same effect are *Abromowitz* v. *Hudson View Construction Co.* (188 App. Div. 356; affd., 228 N. Y. 509) and *Wood* v. *Tupper Lake Chemical Co.* (178 App. Div. 942; affd., 221 N. Y. 660). Questions of fact were presented upon the several elements in the evidence that go to make up the case of the claimant. We cannot disturb the findings.

The award should be affirmed.

Award unanimously affirmed.