## THIRD DEPARTMENT, JULY, 1922.

Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of PATRICK A. SULLIVAN, Appellant, for Compensation under the Workmen's Compensation Law, *v.* GLENS FALLS PORTLAND CEMENT COMPANY, Employer, and STATE INSURANCE FUND, Insurance Carrier, Respondents.

*Workmen's Compensation Law — relation of parties — person owning ensilage cutter and contracting to work himself and use cutter as independent contractor.*

Appeal from an order made by the State Industrial Board on the 23d day of June, 1921, rescinding an award made on the 7th day of April, 1921.

Decision affirmed, without costs. All concur, except Kiley, J., dissenting, with a memorandum.

KILEY, J. (dissenting): The claimant was injured on the 2d day of October, 1920, as follows: Fracture both bones left forearm; fracture seventh, eighth, ninth ribs, right side; fracture metatarsal bone, small left toe; lacerated left hand and fingers, motor and sensory paralysis left arm and forearm, and general contusion to whole body. These injuries were received while the claimant was working with his machine for the respondent, the Glens Falls Portland Cement Company; his clothing caught in part of the machinery and wound him around on the pulley. The machine was a gasoline engine and ensilage cutter. The injuries, the manner in which they were received and their extent are not questioned by respondents. The only question raised by respondents is that the claimant was an independent contractor and not a laborer. The cement company runs a large farm in connection with its cement plant; it raises large quantities of corn and puts it in the silo which is built upon the farm. The claimant owned a farm in the vicinity of the company's farm when he was injured; he had the ensilage cutter for his own use; he had helped out the cement company one other year; he changed work with a Mr. West, and a Mr. Kemble, had the machine on one occasion and I judge from the evidence ran it himself; he did not keep it for hire generally. The contract with the respondent cement company is simple— two dollars and fifty cents an hour for himself and his machine. He had no help of his own on the work. There were three men drawing corn to the silo cutter, one man in the silo, one man getting the corn to the cutter and claimant putting it through. He, claimant, did not have control of a single man in the outfit; all were cement company men. The superintendent told claimant when to commence work and took the machine, himself, from plaintiff's farm. The

foreman testified as follows: " Q. You had charge of the filling of the silo?  A. Yes sir.  Q. In fact, you told him how to run his machine, how to cut the ensilage? A. Yes sir." If any of the other men working on the job of filling that silo were laborers, then the claimant was such laborer. If a man hired to take his corn cutter and go there and cut the corn for the men to load onto wagons and draw it to the silo was a laborer then this claimant was one. Because the man who cut the corn took with him his own corn cutter, sometimes called hook, and sometimes called cycle, it did not constitute him an independent contractor. I find no case holding where the fact alone that an employee furnished his own tools made him an independent contractor. This court has held directly to the contrary. (*Peck* v. *Tassell & Fairbanks*, 193 App. Div. 604, and cases cited; *Abromowitz* v. *Hudson View Construction Co.*, 188 id. 356; affd., 228 N. Y. 509.) In *Mc Nally* v. *Diamond Mills Paper Co.* (178 App. Div. 342) the complainant undertook to move an engine from the railroad station to the company's plant for $225; after that job was done he was asked by the company to help install it; he furnished two of his own men, his own blocking, rigging and jacks. He was injured, and this court held that although he was paid as for day's labor, he was an independent contractor, and reversed the award made to him by the State Industrial Commission. Reversal was had in 223 New York, 83, the court using language particularly applicable here: " He was not in control of the job; he had no power of superintendence or direction; he had no other rank than the regular employees of the mill who were with him; he took his orders from the engineer whom the mill had placed in charge. In this situation, the distinctive tokens of the independent contractor are lacking." (See, also, *Cummings* v. *Underwood Silk Fabric Co., Inc.*, 184 App. Div. 456.) The briefs consider other questions, but upon the argument it was agreed that the question here discussed was the only question raised. I favor reversal of the decision of the State Industrial Board, with costs to claimant.