CONCETTA BARTOLOMEO et al., as Administrators of the
   Estate of JOSEPH BARTOLOMEO, Deceased, Appellants,
   *v.* CHARLES BENNETT CONTRACTING COMPANY, INC.,
   Respondent.

**Master and servant — negligence — presumed that general
employer retains control of its employees in absence of proof
to contrary — party having control must respond for negligence
of servants — steam shovel hired with engineer and fireman
to run it — injury to workman through operation of shovel —
erroneous holding, as matter of law, that engineer and fireman
were servants of hirer of shovel and that owner and general
employer was not liable for their negligence.**

1. In the absence of proof that a general employer surrendered
control over its employees with respect to giving orders as to care
of machinery and the right of discharge for disobedience of such
orders, it must be presumed that its power of control continued.  The
party possessing the power to exercise such control, rather than the
party having authority to designate the place and time for the per-
formance of the work, is the master who must respond for the negligence
of the servants.

2. Where, therefore, a contracting firm hired from defendant a
steam shovel with an engineer and fireman to run it and, in an action
to recover for the death of an employee of the contractor, alleged
to have been occasioned through the negligent operation of the shovel,
it appeared that the engineer and fireman had previously been hired
by the defendant, had been in its employ for many months, that
defendant continued to pay their wages after they had been set to
work for the contractor, and paid with its own funds for the fuel
necessary to operate the shovel, while the contractor directed the
engineer where to make excavations but gave no directions as to the
details of the work, it was error to hold as matter of law that the
engineer and fireman were the servants of the contractor and that the
defendant was not liable, as master, for their negligence.

*Bartolomeo* v. *Bennett Contracting Co.*, 218 App. Div. 826, reversed.

(Submitted February 25, 1927; decided March 29, 1927.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the first judicial department,

entered December 13, 1926, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*William A. Schacht* for appellants. The evidence establishes the facts, that the steam shovel was being used in the furthering of the defendant's business; that the operators thereof were engaged in the defendant's work and that no such surrender of command, of the servants, had taken place, so as to create a new relation. (*Braxton v. Mendelson,* 233 N. Y. 122; *Charles v. Barrett,* 233 N. Y. 127; *McNamara v. Leipzig,* 227 N. Y. 291; *Johnson v. Netherlands A. S. N. Co.,* 132 N. Y. 576; *Standard Oil Co. v. Anderson,* 212 U. S. 215; *Cattini v. American Ry. Express Co.,* 202 App. Div. 336; 234 N. Y. 585; *Murray v. Dwight,* 161 N. Y. 301; *Hanrahan v. New York Edison Co.,* 212 App. Div. 295; 238 N. Y. 194.)

*Abraham Kaplan* and *David A. Ticktin* for respondent. The evidence indicates that the defendant neither operated nor controlled the steam shovel which caused the decedent's death and hence there was no error in dismissing the complaint upon the merits. (*McNamara v. Leipzig,* 227 N. Y. 291; *Miller v. North Hudson Contr. Co.,* 166 App. Div. 348; *Standard Oil Co. v. Anderson,* 212 U. S. 215; *American Express Co. v. O'Connor,* 279 Fed. Rep. 997; *Byrne v. Kansas City, Ft. S. & M. R. Co.,* 61 Fed. Rep. 605; *Powell v. Construction Co.,* 88 Tenn. 692.)

KELLOGG, J. This action was brought by the administrators of the estate of Joseph Bartolomeo to recover damages for his death. Bartolomeo was an employee of a firm of contractors known as the Powers-Kennedy Company. That company had a contract to make an excavation for the construction of an underground railway tube. In the prosecution of its excavating work it employed a steam shovel. The shovel was owned by the defendant. It consisted, in part, of a cab, housing

a steam boiler and engine, and a long boom carrying a bucket at its end. When the machine was in operation, the cab, the boom and the bucket made a partial or complete revolution. On a certain morning, before the steam shovel had started to operate, Bartolomeo was at work upon a ledge, with his back to the shovel. While he was in this position, without warning, according to some of the proof, the machinery of the shovel was set in motion and the shovel began to turn. As the shovel revolved, some part of the machine struck Bartolomeo a blow which caused his death. The complaint charged that the defendant " failed to notify the said Joseph Bartolomeo of their intention to operate, manage, use, employ, exercise and control the said steam shovel." The answer admitted that Bartolomeo was "" struck upon his head by a steam shovel owned by this defendant, whereof he died." The trial judge dismissed the complaint upon the ground that the steam shovel was operated, not by the defendant, but by the Powers-Kennedy Company, and that the men operating the shovel were the servants of the latter rather than of the former. Upon this appeal the point is not made that the defendant, not being the master of Bartolomeo, owed to him no duty of giving a warning that the shovel was about to operate. Neither is the point made that the record is devoid of credible evidence to the effect that no warning was given; nor that a failure to give warning did not constitute negligence which caused the death of Bartolomeo. The respondent opens its brief with the following sentence: " The sole question involved on this appeal is whether the defendant, respondent, Charles Bennett Contracting Company, Inc., operated and controlled the steam shovel which it is conceded fatally injured the plaintiff's intestate." We will, therefore, consider that question and none other.

In negotiating with the defendant for the use of the steam shovel John Kennedy, a member of the Powers-

Kennedy Company, said to Charles Bennett, the president of the defendant: " I don't want to be bothered with the hiring of engineers or firemen or anything. I want a price for the shovel and two men to operate it, and we will put it in the work and take care of it, furnish the gangs necessary to run it in the hole and pay so much a day for it." Accordingly, the defendant provided the shovel, with an engineer and fireman to run it, at the agreed price of $65 a day. The engineer and fireman had previously been hired by the defendant, had been in its employ for many months and were thoroughly familiar with the process of operating the shovel. The defendant continued to pay their wages after they had been set to work upon the excavation in question. The defendant likewise continued, with its own funds, to pay for the fuel necessarily employed to operate the shovel. The Powers-Kennedy Company, after the shovel had been placed upon the work, directed the engineer of the shovel where to make excavations. It gave no directions as to the details of the work, such as firing the boiler, regulating the steam pressure, applying the levers to start and stop the machinery, maneuvering the boom and bucket, oiling the machinery or giving care to the steam shovel to keep it in working order. It was important to the defendant, as the owner of the machine, in order that the life of the machine might be preserved, that the engineer and fireman, in respect to these and other details, perform their work with care, skill and judgment. When originally employed the engineer and fireman subjected themselves to the orders of the defendant in respect to all such matters and became liable to discharge at the defendant's hands if its orders were disobeyed. In the absence of proof that the defendant, the general employer, surrendered control, in these respects, to the Powers-Kennedy Company, as special employer, it must be presumed that the defendant's power of control continued. (*Charles* v. *Barrett,* 233

N. Y. 127.)   The party possessing the power to exercise
such control, rather than the party having authority
to designate the place and time for the performance of
the work, is the master who must respond for the negli-
gence of the servants.   (*Matter of Dale* v. *Saunders Bros.*,
218 N. Y. 59; *Matter of Schweitzer* v. *Thompson & Norris
Co.*, 229 N. Y. 97; *McNamara* v. *Leipzig*, 227 N. Y. 291;
*Charles* v. *Barrett, supra; Matter of Sullivan*, 202 App.
Div. 854; affd., 234 N. Y. 552.)

In *McNamara* v. *Leipzig* (*supra*) the owner of an
automobile, for an agreed price, rented the same to the
defendant, and furnished the services of a chauffeur, for
the period of three months.   The car was to be used by
the defendant at any hour of the day or night as desired
by him.   The owner agreed to pay the wages of the
chauffeur, to furnish all gasoline and supplies, and to pay
for all repairs to the automobile.   It was held that the
chauffeur was not the servant of the defendant and that
the defendant was not liable for damages caused by his
negligence.   The court said: " A servant lent or let by
his master to another does not become the servant of the
other because the other directs what work is to be done
or in what way it is to be done.   If the servant remains
subject to the general orders of the person who hires
and pays him he is still his servant, although specific
directions may be given him by the other from time to
time as to the work to be done."   In *Charles* v. *Barrett*
(*supra*) the owner of automobile trucks supplied the
defendant with a van, and a chauffeur to run it, at a
stated hourly rate.   The defendant used the truck to
make deliveries in its express business.   It was held that
the chauffeur was not the servant of the defendant to
make the defendant liable for his negligence.   The court
said: " Where to go and when might be determined for
the driver by the commands of the defendant.   The duty
of going carefully, for the safety of the van as well as
for that of wayfarers, remained a duty to the master at

whose hands he had received possession." In *Matter of Sullivan (supra)* a manufacturer, in connection with its manufacturing business, operated a farm. It engaged the owner of a gasoline engine and ensilage cutter, at an hourly price, to help fill its silo with ensilage through the aid of his machinery and his own labor. Testimony was given that the manufacturer's foreman told the owner how to run his machine and how to cut the ensilage. Nevertheless it was held that the owner was not the servant of the manufacturer. These cases clearly establish that it was error, in this case, to hold as a matter of law that the engineer and fireman were the servants of the Powers-Kennedy Company and that the defendant was not liable, as master, for their negligence.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur.

Judgment accordingly.