HELEN McLAUGHLIN, an Infant, by JOHN J. McLAUGHLIN, Her Guardian as Litem, Respondent, v. AUDLEY CLARKE COMPANY, Appellant; GREINER CONTRACTING Co., INC., and ARNOLD McDONALD, Defendants.*— Judgment against defendant Audley Clarke Company reversed upon the law, with costs, and complaint dismissed, with costs. Lazansky, P. J., and Young, J., concur with the following memorandum: If the trial justice had been more thoughtful of the

* Affd., 251 N. Y. ——.

infant plaintiff's interest and less intolerant of the views of the Court of Appeals, plaintiff would not now find herself out of court by reason of the dismissal of her complaint at the trial as against defendant Greiner Contracting Co., Inc., which should have been held liable, and by the reversal of the judgment against defendant Audley Clarke Company and the dismissal of the complaint as to it by this court under the authority of *Bartolomeo* v. *Bennett Contracting Co.* (245 N. Y. 66) and cases therein cited. Carswell and Seeger, JJ., concur, with the following memorandum: It is conceded that the question as to which defendant was the master of McDonald was one of law. As a matter of law, McDonald was not the servant of the Audley Clarke Company; therefore, that defendant may not be held liable for his negligence. As a matter of law, the other defendant, the Greiner Contracting Co., Inc., was responsible for McDonald's negligence. (*Bartolomeo* v. *Bennett Contracting Co.*, 245 N. Y. 66, and cases therein cited.) This disposition produces an unfortunate result for the infant plaintiff herein. She was entitled to a judgment against either the Audley Clarke Company or the Greiner Contracting Co., Inc. She is now without a judgment against either. This result accrues because the trial court improperly dismissed the complaint as to the Greiner Contracting Co., Inc., and incorrectly held that the Audley Clarke Company was responsible as a matter of law for McDonald's acts. This error of the trial court would be excusable but for the fact that it resulted from the court's improper refusal to examine the authorities which were proffered by counsel for the Audley Clarke Company, which authorities, when applied to the facts in this record, require the reversal herein. If they had been examined they would have guided the court to a dismissal with respect to the Audley Clarke Company and a refraining from a dismissal with respect to the Greiner Contracting Co., Inc. Plaintiff's attorney did not except to the trial court's erroneous dismissal of the complaint as to the Greiner Contracting Co., Inc. The trial court did not safeguard the infant plaintiff (a ward of the court) by noting an exception to the ruling made, in case it should subsequently be held to be erroneous. The plaintiff has not appealed, hence this court cannot apply the rule of disregarding the want of an exception by way of furthering justice. The result of all this is that, upon this record, the Greiner Contracting Co., Inc., is absolved from responsibility despite clear legal liability for the very serious injuries suffered by the infant plaintiff, and the other defendant is now freed from liability on this appeal because, despite well-settled law, it was erroneously cast in damages at Trial Term. This court is powerless to save the infant plaintiff from this miscarriage of justice due to the foregoing factors. Hagarty, J., concurs in result. In view of this decision, the appeal from the order denying the motion for a new trial is dismissed.