S. Naitove & Co., Inc., Appellant, *v.* Lillian G. Davis, as Executrix of William C. Davis, Doing Business as Davis & Kerker, et al., Respondents.

First Department, March 15, 1948.

*Benjamin L. Tell* of counsel (*Solomon M. Cheser* with him on the brief), for appellant.

*Joseph Fennelly, Jr.,* of counsel (*Martin J. Kelly, Jr.,* attorney), for respondents.

DORE, J.   Plaintiff, a textile manufacturer, sued defendants Davis and Schuster as common carriers for nondelivery of plaintiff's merchandise.   The cartons of merchandise were delivered to defendant Davis, a public cartman, for delivery in New York City to defendant Schuster's Express to be forwarded by Schuster to the consignee, Royal Robes, in Plainfield, Connecticut.   From judgment dismissing the shipper's complaint after trial before the court without a jury, plaintiff appeals.

Prior to 1937, defendant Davis had delivered plaintiff's merchandise at the rate of so much per carton.   In 1937, Davis and plaintiff entered into an arrangement whereby plaintiff paid Davis a flat sum of $100 per week for delivering all of its merchandise that had to be delivered in the city of New York other than that delivered by handtrucks.   In performing the contract, Davis usually sent the same truck and driver to handle plaintiff's deliveries but was not obliged to and did not always do so.

On June 29, 1945, Davis' driver and truck called at plaintiff's place of business pursuant to standing orders to pick up merchandise which plaintiff wanted delivered; the driver received from plaintiff's shipping clerk a case and carton of merchandise, gave a receipt therefor, and received a form of bill of lading indicating that " Royal Robes, Plainfield, Connecticut " was consignee and " Shuster " the carrier for out-of-city transit.   No further instructions were given to the driver who had previously made many deliveries of plaintiff's merchandise to Schuster.

The driver transferred the cartons by truck to Schuster's place of business on 39th Street, and found the store closed. He testified that at the time there was another truck parked 200 feet down the street from Schuster's store, which had on its side the name " Royal Robes."   He had seen the chauffeur of that truck around Schuster's place and the helper in the neighborhood before and thought they were Schuster's employees.   They wished to park in the space he was occupying and suggested to him that he leave the case and carton on the sidewalk and they would give him a receipt.   He followed their suggestion, took a receipt from the helper, left the case and carton on the sidewalk in front of Schuster's store and drove away.

The evidence shows that complaint was subsequently made that the case and carton were never delivered to the consignee in Connecticut, the loss was reported by Davis and his driver to the police for investigation, and thereafter plaintiff com- menced this action.

The trial court dismissed the complaint against all defendants. He ruled that Davis' driver was *ad hoc* the servant of plaintiff and not of Davis, and therefore no delivery to Davis was shown. He also held there was no evidence the merchandise had not been delivered to the Connecticut consignee or had not been returned to plaintiff. He further held that placing the case and carton on the sidewalk under the circumstances did not constitute delivery to Schuster and no liability on Schuster's part was shown.

We think the evidence sufficiently establishes that there was no delivery to Schuster, and as to him the complaint was properly dismissed. But we reach the conclusion that the driver was the servant of Davis, a common carrier, and not of plaintiff (*McNamara* v. *Leipzig,* 227 N. Y. 291; *Charles* v. *Barrett,* 233 N. Y. 127; *Bartolomeo* v. *Bennett Contracting Co.,* 245 N. Y. 66). Plaintiff could give the driver certain instructions with respect to deliveries, but the driver remained subject to the general orders of Davis who employed him, paid him and had supreme supervisory control over him and the truck and the authority to discharge him. By the service rendered to plaintiff, the driver was furthering the business of Davis who did not sur- render his command over driver and truck and could substitute any other driver or any other truck at any time he chose to do so. As was said in *Bartolomeo* v. *Bennett Contracting Co.* (*supra,* p. 70): '' The party possessing the power to exercise such control, rather than the party having authority to designate the place and time for the performance of the work, is the master who must respond for the negligence of the servants.''

At the close of plaintiff's case, the court stated that plaintiff had failed to show the merchandise had not eventually reached Royal Robes or that it had never been returned to plaintiff. Plaintiff's counsel asked the court for an opportunity to present such evidence, and when this request was denied, he stated that he and defendant's counsel had tried many similar cases before and it was common practice between them not to require proof of issues that were really not disputed; that defendant's counsel, who represents an insurance company, had investigated the loss and ascertained that the case and carton were never delivered to Royal Robes; and that there had never been any

real dispute between the parties as to the fact of loss. Defendant's counsel stated he did not know whether or not Royal Robes ever got the merchandise. In the circumstances disclosed, we think the court should have granted a short adjournment to enable plaintiff to offer appropriate proof.

The judgment appealed from dismissing the complaint as to all of the defendants should be modified by denying the motion to dismiss as to defendant Davis, severing the action and granting a new trial as to Davis, with costs to abide the event; otherwise the judgment should be affirmed, with costs in favor of defendant Schuster's Express.

COHN, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Judgment unanimously modified by denying the motion to dismiss the complaint as to defendant Davis, severing the action and granting a new trial as to said defendant, with costs to abide the event; otherwise the judgment is affirmed, with costs to the defendant Schuster's Express. Settle order on notice.