■ JOSEPH HODA, Respondent, v. DE LILLO CONSTRUCTION CO., INC., Defendant and Third-Party Plaintiff-Appellant. CARMELA HASENFUS, as Administratrix of the Estate of FRANCIS A. HASENFUS, Deceased, Appellant, et al., Third-Party Defendants, and GREAT AMERICAN INSURANCE COMPANY, Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, (1) defendant and third-party plaintiff De Lillo Construction Co. and defendant Carmela Hasenfus appeal from so much of a judgment of the Supreme Court, Queens County, entered April 6, 1970, (a) as is in favor of plaintiff against them, respectively, upon a jury verdict on the issues of liability and upon a stipulation fixing the amount of damages at $40,000; and (2) said De Lillo Construction Co. also appeals from the remaining portions of the judgment, which dismissed its cross complaint against defendant Hasenfus and its third-party complaint as against defendant Great American Insurance Company, upon decisions of the trial court. Judgment affirmed, with one bill of costs to plaintiff against appellants jointly, and without costs as to De Lillo's appeal with respect to its cross complaint and third-party complaint. Plaintiff, a construction worker employed by a subcontractor, was injured when a cable on a crane snapped, causing a bucket of concrete to fall upon him. The crane, together with its operator, Francis Hasenfus (defendant Carmela Hasenfus' intestate), had been furnished to the subcontractor for several hours by its owner, defendant De Lillo Construction Co., which was the general contractor on the project. Although Hasenfus was an employee of De Lillo, his salary at the time of the accident was paid by the subcontractor. In our opinion, in view of the expert testimony adduced to the effect that the cable was in a patently defective condition, the jury finding that both De Lillo and Hasenfus were negligent is not against the weight of the evidence. The issue of whether Hasenfus was, at the time of the accident, a coemployee of plaintiff so as to preclude recovery against his estate under subdivision 6 of section 29 of the Workmen's Compensation Law was properly submitted to the jury (*Burton* v. *American Bridge Co.*, 297 N. Y. 993; *Bartolomeo* v. *Bennett Contr. Co.*, 245 N. Y. 66; *Kristiansen* v. *Wagner's Steel Erectors*, 295 N. Y. 668). The jury finding that plaintiff and Hasenfus were not fellow-employees is supported by the evidence. We concur in the trial court's dismissal of De Lillo's cross complaint and third-party complaint (*Jarka Corp.* v. *American Fid. & Cas. Co.*, 19 A D 2d 141). Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.