■ **L. B. SMITH, INC.**, Respondent, v **MAR-VAN EQUIPMENT, INC.**, et al., Appellants, et al., Defendant.—Appeals (1) from a judgment of the Supreme Court, entered May 17, 1977 in Albany County, upon a verdict rendered at a Trial Term, in favor of plaintiff, and (2) from an order of the same court, entered May 17, 1977, which granted plaintiff's motion for a directed verdict on the first and third causes of action asserted against defendant Mar-Van in the second amended complaint and dismissed the counterclaims, cross claims and affirmative defenses asserted in defendants' answers. Plaintiff owned a hydraulic crane that was manufactured by Grove Manufacturing Company (Grove). Mar-Van Equipment, Inc. (Mar-Van) entered into a written lease with the plaintiff for rental of the crane. The lease contained a provision making Mar-Van liable for the cost of any breakage or unusual wear and tear on the crane during the term of the lease. In October of 1970, Granite Construction Company (Granite) rented the crane from Mar-Van in order to position transmission towers. The agreement between Mar-Van and Granite contained an indemnification clause whereby Granite would be liable for any loss suffered through use of the crane "while under the direction, supervision and control" of Granite. Mar-Van provided Granite with an operator and oiler for the crane. On October 17, 1970, while lifting a transmission tower, the boom on the crane broke causing damage to both the crane and the tower. Plaintiff sued Mar-Van and Granite for the damage to its crane suffered as a result of their negligence. Plaintiff also named Grove as a defendant, alleging negligence, breach of warranty and strict products liability. Granite cross-claimed against Mar-Van for the damage done to the tower on a theory of negligence, and Mar-Van cross-claimed against Granite for indemnification. Following a trial in which the damages were stipulated, verdicts were directed dismissing the complaint against Grove and in favor of plaintiff against Mar-Van on the indemnification agreement in their lease. Granite's motion seeking dismissal of the plaintiff's complaint against it was denied. The jury found both Mar-Van and Granite to be negligent and apportioned 70% of the damages to Mar-Van and 30% to Granite. Both Mar-Van and Granite have appealed. The evidence produced in this case clearly indicates that the damages suffered were the result of the negligence of the crane operator. No other conclusion

is supported by the record. The boom on the crane broke when the operator attempted to lift a weight in excess of the crane's lifting capacity. The lifting capacity of the crane is a function of the length of the boom and the "operating radius", which is the distance between the center of the crane and the object to be lifted. A chart inside the cab of the crane indicated the crane's lifting capacity for various combinations of boom lengths and operating radii. Since only the operator could see this chart, it was his responsibility to operate the crane in a manner which would not exceed its lifting capacity. The boom on the crane is made up of several sections which should be equally extended when lifting and there was evidence indicating that the operator failed to do this, thereby further reducing the crane's lifting capacity. Since the damages in this case were solely the result of the crane operator's negligence, liability will fall on that party which is chargeable with his negligence. The operator was an employee of Mar-Van who was experienced in operating the crane. While employees of Granite may have told the operator what work was to be done, they did not give directions as to the details of the work. Accordingly, the operator remained under the control of Mar-Van and Granite is not liable for any damages caused as a result of his negligence *(Ramsey v New York Cent. R. R. Co.,* 269 NY 219, 224; *Bartolomeo v Bennett Contr. Co.,* 245 NY 66, 69; see *Standard Oil Co. v Anderson,* 212 US 215). In *Bartolomeo (supra),* a construction company leased a steam shovel with an engineer, the operation of which caused the death of an employee of the lessee. In spite of the fact that the lessee directed the engineer as to where to make excavations, the Court of Appeals held that the lessee did not have sufficient control over the engineer so as to make it liable for his negligence. Noting that the lessee did not give directions concerning the details of the work such as "applying the levers to start and stop the machinery" and that the lessor retained the power to discharge the engineer for failure to obey orders, the court stated that "The party possessing the power to exercise such control, rather than the party having authority to designate the place and time for the performance of the work, is the master who must respond for the negligence of the servants" *(Bartolomeo v Bennett Contr. Co., supra,* pp 69, 70). Due to the factual similarities between this case and *Bartolomeo,* we deem it to be controlling. Thus, the trial court erred when it denied Granite's motion to dismiss the plaintiff's cause of action against it (see *Ramsey v New York Cent. R. R. Co., supra,* pp 223-224). We now turn to the cross claims between Mar-Van and Granite. Having decided, as a matter of law, that Mar-Van was liable for the operator's negligence since he remained under its control, Mar-Van could not recover under its indemnification agreement with Granite. This was not an unconditional indemnification clause whereby Mar-Van would be indemnified for all injuries suffered as a result of the crane's operation (see *Levine v Shell Oil Co.,* 28 NY2d 205, 210; *Kurek v Port Chester Housing Auth.,* 18 NY2d 450, 456-457), but was instead limited to only those injuries caused by operation of the crane while under the "direction, supervision and control" of Granite. Since it was Mar-Van and not Granite which controlled the operation of the crane, the indemnification clause is not applicable in this case. Finally, since all of the damages in this case were caused by the negligence of the crane operator, Granite should have been awarded judgment against Mar-Van on its cross claim for damages to its transmission tower. Judgment and order modified, on the law and the facts, by deleting so much thereof as found Granite liable for 30% of the damages, and by awarding judgment to Granite on its cross claim against Mar-Van, and, as so modified, affirmed, without costs. Greenblott, J. P., Kane, Main and Mikoll, JJ., concur; Herlihy, J., concurs in the result only.