■ GRANITE CONSTRUCTION COMPANY, INC., Respondent, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant. (Action No. 1.) GRANITE-SEABRO CORPORATION, Respondent, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant. (Action No. 2.)—Harvey, J. Appeal from an order of the Supreme Court (Harris, J.), entered May 16, 1990 in Albany County, which denied defendant's motion for summary judgment dismissing the complaints in action Nos. 1 and 2.

These lawsuits stem from an October 1970 collapse of a crane boom that was supporting a transmission tower. The accident has generated much litigation which has been before this court in various forms on prior occasions (see, e.g., Marvan Equip. Co. v Hartford Fire Ins. Co., 90 AD2d 644; L. B. Smith, Inc. v Mar-Van Equip., 67 AD2d 751). The facts are set forth fully in L. B. Smith, Inc. v Mar-Van Equip. (supra). The following is a brief recitation of the facts relevant to the instant matter.

The crane involved was owned by L. B. Smith, Inc. and Smith leased it to Mar-Van, Inc. Mar-Van in turn leased the

crane, along with an operating crew, to plaintiff Granite Construction Company, Inc. While the operator was setting a transmission tower in place, the boom of the crane collapsed and the crane and the tower (which was owned by Granite) were damaged. Smith sued Mar-Van and Granite for damage to its crane. Mar-Van cross-claimed against Granite for indemnification based on a lease clause that provided for such relief where the crane was damaged " 'while under the direction, supervision and control' " of Granite (L. B. Smith, Inc. v Mar-Van Equip., supra). Granite cross-claimed for damage to its tower. Although the jury ultimately found both Mar-Van and Granite to have been negligent and apportioned damages accordingly, this court later modified by apportioning 100% of the damages to Mar-Van and awarding judgment to Granite on its cross claim (see, supra). This modification was based on our finding that the damages were caused solely by the negligence of Mar-Van's crane operator.

Mar-Van was apparently covered by two insurance policies at the pertinent time, a general liability insurance policy and an "inland marine" insurance policy. Although Mar-Van evidently did not originally seek relief under the general liability policy (apparently because the insurer disclaimed coverage), Mar-Van did commence an action of indemnification against its insurers on the "inland marine" policy, but that action was dismissed by Supreme Court for failure to state claims and on contractual Statute of Limitations grounds. This court affirmed Supreme Court's decision in Marvan Equip. Co. v Hartford Fire Ins. Co. (90 AD2d 664, supra). Granite, as Mar-Van's judgment creditor, then commenced action No. 1 pursuant to Insurance Law § 3420 (a) (2) seeking recovery from defendant of the judgment previously obtained (see, L. B. Smith, Inc. v Mar-Van Equip., supra) against Mar-Van, defendant's insured. Action No. 2 was commenced by Granite's successor. Notably, both complaints request the same relief and are virtually identical. Following joinder of issue, defendant moved for summary judgment dismissing both complaints. Supreme Court denied the motion and this appeal by defendant ensued.

Plaintiffs seek indemnification from defendant for the damages done to their transmission tower in the October 1970 accident. Defendant disclaims coverage, however, based upon an exclusion in Mar-Van's general liability insurance policy that releases defendant from liability for "property damage to * * * property in the care, custody or control of [Mar-Van] or as to which [Mar-Van] is for any purpose exercising physical

control". Defendant claims that the issue of whether the crane and transmission tower were in the control of Mar-Van at the time of the accident was previously decided by this court in *L. B. Smith, Inc. v Mar-Van Equip.* (67 AD2d 751, *supra)* and, therefore, plaintiffs should be barred from raising their claim pursuant to the doctrine of collateral estoppel. We agree and accordingly conclude that summary judgment should have been granted to defendant.

It is settled law that collateral estoppel applies "when the issue in the subsequent action is identical to the issue in the prior action and was necessarily decided on the merits and the parties had a full and fair opportunity to contest the issue in the prior action" *(Matter of Delford Indus. v New York State Dept. of Envtl. Conservation,* 171 AD2d 941, 942, citing *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). To be collaterally estopped, a party need not have been named in the prior action, but need only be in privity with such a party *(Gramatan Home Investors Corp. v Lopez, supra).* We find that these elements have been established in the case at bar.

Here, the requirements of privity and whether a sufficient opportunity to contest the subject issue previously are satisfied because plaintiffs now stand in Mar-Van's shoes as judgment creditor *(see, Holmes v Allstate Ins. Co.,* 33 AD2d 96, 98). As for the question of whether the fact at issue here (whether Mar-Van exercised control over the crane and transmission tower) is identical to an issue previously decided in *L. B. Smith, Inc. v Mar-Van Equip. (supra)*, we conclude that this requirement has also been satisfied. In *Smith,* this court unequivocally found that Mar-Van "controlled the operation of the crane" *(supra,* at 752). It is undisputed that Granite's transmission tower was suspended from the crane. Consequently, it is readily apparent that the fact that Mar-Van's employee was exercising actual and physical control of both the crane and transmission tower was previously decided in *Smith* and is now dispositive of the subject actions.

With these facts established, it is clear as a matter of law that defendant established the applicability of its policy exclusion and, therefore, summary judgment should be granted in its favor. Due to our resolution of the foregoing issue, the remaining arguments raised by the parties need not be addressed.

Order reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaints dismissed. Mahoney, P. J., Weiss, Mikoll, Crew III and Harvey, JJ., concur.